IN THE CASE OF

UNITED STATES, Appellee

V.

Kurt C. HUHN, Sergeant
U.S. Army, Appellant

No. 01-0032

Crim. App. No. 9900210

United States Court of Appeals for the Armed Forces

Argued March 28, 2001

Decided May 2, 2001

Counsel

For Appellant:  Captain Steven P. Haight (argued); Colonel Adele
   H. Odegard, Lieutenant Colonel David A. Mayfield, and Major
   Jonathan F. Potter (on brief).

For Appellee:  Captain Jennifer A. Parker (argued); Colonel David
   L. Hayden, Lieutenant Colonel Edith M. Rob, and Major Anthony
   P. Nicastro (on brief).

Military Judge:  Patrick J. Parrish

**This opinion is subject to editorial correction before publication.**

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to commit larceny, larceny (5 specifications), and forgery, in violation of Articles 81, l21, and 123, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 923, respectively. The military judge sentenced appellant to a bad-conduct discharge, confinement for 3 years, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 18 months and waived the total forfeitures for 6 months.

Before the Court of Criminal Appeals and this Court, appellant asserted that his guilty plea to Specification 4 of Charge II was improvident, because he pleaded guilty to fraudulently canceling a debt, which is not a proper subject of larceny. See United States v. Mervine, 26 MJ 482, 483-84 (CMA 1988). The court below modified the specification and affirmed a finding of guilty of larceny of the property appellant obtained in exchange for the debt. See United States v. Epps, 25 MJ 319, 323 (CMA 1987). The court below reassessed and affirmed the approved sentence under the guidelines in United States v. Sales, 22 MJ 305 (CMA 1986).

In its brief and in oral argument, the Government conceded that Specification 4 of Charge II is multiplicious with Specification 5 of Charge II, which alleges larceny of the same property. We accept the Government's concession. Accordingly, we will set aside appellant's conviction of Specification 4 of Charge II, making it unnecessary to decide if appellant's guilty

plea to that specification was improvident under <u>Mervine</u> or if the court below erred by modifying it.

Based on the entire record, we conclude that any error was harmless with respect to the sentence. In a stipulation of fact, appellant admitted conspiring with his wife, an employee of the Army and Air Force Exchange System (AAFES), to steal $10,000 in cash and property from AAFES. The conduct to which appellant pleaded guilty in the five larceny specifications and one forgery specification was in furtherance of that conspiracy. Our action setting aside appellant's conviction of Specification 4 of Charge II does not change what appellant admitted during the plea inquiry. It also does not significantly change the maximum punishment, reducing the maximum confinement from 30½ to 25½ years. <u>See</u> paras. 46e(1) and 48e, Part IV, Manual for Courts-Martial, United States (1998 ed.). The military judge sentenced appellant to approximately one-tenth of the maximum imposable confinement, and the convening authority cut the adjudged confinement in half. Under the circumstances, we are confident that appellant's conviction of Specification 4 of Charge II did not have a "substantial influence" on the approved sentence. <u>See</u> <u>Kotteakos v. United States</u>, 328 U.S. 750, 765 (1946).

The decision of the United States Army Court of Criminal Appeals is reversed with respect to Specification 4 of Charge II. The finding of guilty of Specification 4 of Charge II is set aside, and that specification is dismissed. In all other respects, the decision of the United States Army Court of Criminal Appeals is affirmed.