UNITED STATES, Appellee

v.

Erick ALEMAN, Private
U.S. Army, Appellant

No. 05-0288

Crim. App. No. 20030240

United States Court of Appeals for the Armed Forces

Argued November 1, 2005

Decided January 20, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE, C.J., and BAKER and ERDMANN, JJ., joined.  CRAWFORD, J., filed a dissenting opinion.


                            Counsel

For Appellant:  Captain Edward Bahdi (argued); Lieutenant Colonel Kirsten V. C. Brunson, Major Sean S. Park, and Captain Charles A. Kuhfahl Jr. (on brief); Colonel Mark Cremin, Colonel John T. Phelps II, and Lieutenant Colonel Mark Tellitocci.


For Appellee:  Captain Mark D. McMann (argued); Colonel Steven T. Salata, Lieutenant Colonel Theresa A. Gallagher, and Captain Edward E. Wiggers (on brief); Captain Michael Friess.


Military Judge:  Michael Neveu


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Aleman, No. 05-0288/AR

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of a military judge sitting alone, Appellant was convicted, in accordance with his pleas, of conspiracy to commit larceny, willfully suffering the sale of military property (two specifications), and housebreaking, in violation of Articles 81, 108, and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 908, 930 (2000), respectively. The adjudged and approved sentence included a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The United States Army Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Aleman, No. ARMY 20030240 (A. Ct. Crim. App. Jan. 14, 2005).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN
> ACCEPTING APPELLANT'S PLEA OF GUILTY TO
> WILLFULLY SUFFERING THE SALE OF MILITARY
> PROPERTY (SPECIFICATIONS 1 AND 2 OF CHARGE
> II) WHERE THERE WAS NO EVIDENCE ADDUCED
> DURING THE PROVIDENCE INQUIRY THAT APPELLANT
> HAD ANY INDEPENDENT DUTY TO SAFEGUARD THE
> MILITARY PROPERTY IN QUESTION.

For the reasons set forth below, we conclude that Appellant's pleas to specifications 1 and 2 of Charge II were improvident.

2

United States v. Aleman, No. 05-0288/AR

I.  BACKGROUND

Article 108(3), UCMJ, provides for the trial by court-martial of a person who, without proper authority "willfully or through neglect suffers to be lost, damaged, sold, or wrongfully disposed of" any military property of the United States.  In this context, "suffers" means "to allow or permit."  Manual for Courts-Martial, United States pt. IV, para. 32.c.(2) (2005 ed.) (MCM).  The MCM sets forth five elements of the offense:

> (1) That certain property . . . was . . . sold . . .;
>
> (2) That the property was military property of the United States;
>
> (3) That the . . . sale . . . was suffered by the accused, without proper authority, through a certain omission of duty by the accused;
>
> (4) That the omission was willful or negligent; and
>
> (5) That the property was of a certain value . . . .

pt. IV, para. 32.b.(3).  The reference to "omission" in the third and fourth elements is "significant because the prosecution must prove a duty and the failure to do the duty." Dep't of the Army, Pamphlet 27-9, Legal Services, Military Judges' Benchbook ch. 3, para. 3-32-3 (2002).

During the providency inquiry at trial, the military judge advised Appellant of the elements of the offenses for which he was charged.  In the course of this advice, the military judge defined "suffered" as follows:

3

> "Suffered" means you allowed or permitted
> this to occur. Suffering included the
> deliberate violation or intentional
> disregard of some specific law or
> regulation; or the duty or customary
> practice of the service; or reckless or
> unwarranted personal use of the property by
> causing or allowing it to remain exposed to
> the weather, unsecured or not guarded,
> permitting it to be consumed, wasted,
> injured, and so on. It could also include
> by allowing it to be damaged, lost,
> destroyed, or wrongfully disposed of.

In conjunction with the plea inquiry, the prosecution introduced a stipulation of fact in which Appellant admitted that he and Private First Class (PFC) Edwards "agreed to commit the offense of larceny." The stipulation further stated that although the agreement was "not express," Appellant provided assistance to PFC Edwards "in his scheme" to steal and sell military equipment by driving PFC Edwards to various pawnshops, loaning PFC Edwards his car to go to stores, keeping lookout while PFC Edwards stole military equipment, and helping PFC Edwards carry the equipment into Appellant's car and into one of the stores. Through the stipulation, Appellant admitted that he knew the equipment was military property and that PFC Edwards did not have authority or permission to take it.

During the inquiry, Appellant confirmed the veracity of the stipulation of fact. He added that he and PFC Edwards "didn't have an expressed [sic] agreement, but we had an understanding and I gave him a ride to post that day." After Appellant

4

provided further details concerning his role in suffering the sale of the equipment, the military judge reminded Appellant of the definition of "suffered" and asked Appellant if he believed he suffered the sale of the property by allowing it to be sold. Appellant answered in the affirmative. The military judge also elicited testimony from Appellant regarding the value of the property, the intentional nature of his acts, the absence of permission or authority for his acts, and the military status of the property.

## II.  DISCUSSION

Before accepting a plea of guilty, the military judge must conduct an inquiry of the accused to determine whether there is a factual basis for the plea and whether the accused understands the plea and enters it voluntarily.  United States v. McCrimmon, 60 M.J. 145, 152 (C.A.A.F. 2004); United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969); Rule for Courts-Martial (R.C.M.) 910(c)-(e).  The accused must admit every element of the offense to which the accused is pleading guilty.  R.C.M. 910(e) Discussion.  Under our standard of review for assessing the providency, "a guilty plea will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea."  E.g., United States v. Harris, 61 M.J. 391, 398 (C.A.A.F. 2005) (citations omitted).  Appellant

contends that his guilty plea to each of the two offenses of suffering the sale of military property was improvident because the inquiry did not establish a factual basis for the third element -- that there was a "certain omission of duty by the accused." MCM, pt. IV, para. 32.b.(3)(c).

During the providence inquiry, the military judge provided the following advice concerning the "duty" element: "The third element is that the sale was suffered by you without proper authority through a mission [sic] of duty on your part." As the record shows, and the Government acknowledges, there was no further discussion of any duty on the part of Appellant during the providence inquiry. The military judge did not elicit any testimony from Appellant regarding any duty he may have had to safeguard the property, and Appellant did not articulate such a duty. Without an admission by Appellant or any other evidence in the record establishing this element of the offense, the plea lacks the requisite factual basis.

The Government contends in this appeal that Appellant's statements in the stipulation of fact -- that his acts and omissions were wrongful -- satisfy the providency requirement with respect to the nature of his duty. Although it is appropriate to rely upon stipulations of fact to establish a factual basis for a guilty plea, see, e.g., United States v. Sweet, 42 M.J. 183, 185 (C.A.A.F. 1995), the particular

statements in Appellant's stipulation of fact do not recognize

the existence of a duty to safeguard the military property.  The

relevant passages of the stipulation of fact state:

> The accused knew PFC Edwards had no
> authority when he made the sales.  The
> accused failed to stop PFC Edwards from
> selling the military equipment, and
> furnished the vehicle to transport PFC
> Edwards and the stolen equipment so it could
> be sold.  The accused knew that his omission
> was wrongful.

These statements do not reflect an understanding that the

failure to stop PFC Edwards was wrongful because of a duty to

protect the property -- only a general belief that the failure

was wrongful.  In the absence of any further discussion of a

duty, these statements are insufficient to establish the factual

predicate required by Care and its progeny.

The Government suggests that if we conclude that the

inquiry was deficient, we can nonetheless sustain Appellant's

conviction.  Citing United States v. Epps, 25 M.J. 319 (C.M.A.

1987), the Government contends that the plea inquiry is

sufficient to sustain a conviction for the closely related

offense of selling military property, a crime for which there is

no "omission of duty" element.  See Article 108(1), UCMJ; MCM,

pt. IV, para. 32.b.(1).  The Government acknowledges that

Article 108(1) requires a showing that the accused sold the

property but maintains that element is satisfied in this case

through an aiding and abetting theory. We decline to apply Epps in this case because the military judge did not advise Appellant as to such a theory, nor did Appellant articulate an understanding of such a theory. See United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F. 2003). Appellant's plea to the pertinent offenses is improvident, and those specifications must be set aside.[*]

Appellant contends that he is also entitled to a sentence rehearing. Under the circumstances of this case, further proceedings on the sentence are not warranted. The remaining charges and specifications, which arose out of the same factual scenario, are not affected by our action setting aside the conviction for Charge II. In this judge-alone proceeding, we are confident that Appellant's conviction for specifications 1 and 2 of Charge II did not have a "substantial influence" on the sentence in this case. United States v. Huhn, 54 M.J. 493, 494

---

[*] The dissent relies on United States v. Brown, 45 M.J. 389 (C.A.A.F. 1996), and Bradshaw v. Stumpf, 125 S. Ct. 2398 (2005). United States v. Aleman, 62 M.J. ___ (1-2) (C.A.A.F. 2006) (Crawford, J., dissenting). Brown, which rejected a constitutional challenge to a federal statute, was a contested case, so the issue of providency did not arise. 45 M.J. at 391-92. Stumpf, a collateral attack on a state court conviction under the narrow constraints of federal habeas corpus review, employed a standard that is not applicable to direct review of providency under military law. Compare Stumpf, 125 S. Ct. at 2405 (constitutional prerequisites of a guilty plea are satisfied if counsel has explained the elements to the defendant), with United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969) (under military law, counsel's explanation will not relieve the military judge of the responsibility to explain the elements on the record). See also R.C.M. 910(c)(1) Discussion; R.C.M. 910(e) Discussion.

United States v. Aleman, No. 05-0288/AR

(C.A.A.F. 2001) (citing Kotteakos v. United States, 328 U.S.
750, 765 (1946)); Article 59(a), UCMJ, 10 U.S.C. § 859 (2000).

## III.  DISPOSITION

Specifications 1 and 2 of Charge II are set aside and
dismissed, and Charge II is set aside and dismissed.  In all
other respects, the decision of the United States Army Court of
Criminal Appeals is affirmed.

United States v. Aleman, No. 05-0288/AR

CRAWFORD, Judge (dissenting):

I respectfully dissent from the majority's refusal to apply this Court's longstanding precedent.  See, e.g., United States v. Brown, 45 M.J. 389, 394 (C.A.A.F. 1996) (the majority rejected appellant's argument challenging the anti-union statute, 10 U.S.C. § 976, and noted that "[a]n alternative ground for upholding appellant's conviction would be to affirm the conviction for an offense closely related to the offense charged"); United States v. Epps, 25 M.J. 319 (C.M.A. 1987)(upheld guilty plea for closely related offense).  There is not a "substantial basis" in law or fact to set aside the plea in this case.  United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).  Appellant admitted he was a principal to the wrongful sale of military property.  Thus, Appellant's admissions would certainly encompass the "closely related" offense of suffering the sale of military property.

FACTS

Pursuant to his pleas, Appellant was convicted of the following offenses:

> Specification of Charge I - conspiracy with Private First Class (PFC) Christopher D. Edwards to steal TA-50 governmental equipment and "in order to effect the object of the conspiracy . . . did knowingly furnish his vehicle to be used as a transport to the store in which the items were sold."

> Specification 1, Charge II - "willfully suffer TA-50 [equipment] . . . to be sold to the Cove Army Store" on July 24, 2002.

> Specification 2, Charge II – "willfully suffer TA-50 [equipment] . . . to be sold to the Rancier Army Store" on July 27, 2002.

> Specification of Charge III – housebreaking.

During the inquiry on the providence of the plea, Appellant admitted he entered into a conspiracy with PFC Edwards to steal and sell military equipment (TA-50).  As part of the conspiracy, he assisted PFC Edwards with the housebreaking and theft, and on July 27, 2002, drove PFC Edwards to one off-post store where PFC Edwards sold the military property (Charge II, specification 1) and on July 28, 2002, knowingly permitted PFC Edwards to take his car to sell part of the stolen property on another date (Charge II, specification 2).  After the military judge's explanation of the plea and inquiry, the defense did not think any "additional inquiry [was] required regarding [the conspiracy] offense."  Bradshaw v. Stumpf, 125 S. Ct. 2398, 2406 (2005) ("Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.")[*]

---

[*] It is curious that the majority is concerned about Stumpf, a habeas case, when the seminal case as to an adequate providence inquiry, United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969), relies to a large extent on Boykin v. Alabama, 395 U.S. 238 (1969) (habeas corpus petitioner challenging voluntariness of plea), and Johnson v. Zerbst, 304 U.S. 458, 464 (1938).  See

2

Appellant knew the value of the stolen property alleged in specifications 1 and 2; in fact, as to specification 2, he said the value was $1,200.  After PFC Edwards sold the property at Rancier, he received some battle dress uniforms and about $200.  Appellant admitted that "suffered" means allowing the property to be "wrongfully disposed of or sold."

He also stipulated to the following facts:

3.  **Facts:**  On or about 27 July 2002, PFC Christopher Edwards and Private Erick Aleman agreed to commit the offense of larceny.  The agreement was not express, however, Private Aleman provided assistance to PFC Edwards in his scheme to steal TA-50 and sell it to local pawnshops.  On 27 July 2002, Private Aleman drove PFC Edwards to the Copperas Cove Store.  On 28 July 2002, Private Aleman and PFC Edwards drove around to the surplus store at the mall.  PFC Edwards was not able to sell the TA-50, and the two went back to the barracks without selling the TA-50.  PFC Edwards then borrowed Private Aleman's car on two other occasions.  He used the car to go to stores on Rancier to sell TA-50.

Appellant admitted the facts in the stipulation were correct.

Appellant admitted he entered into an agreement with PFC Edwards to commit larceny, and that the agreement continued to exist while Appellant was a party to the agreement.  The overt act performed as to Charge II, specification 1, was driving PFC Edwards to the Cove Army store, and as to Charge II, specification 2, was furnishing his vehicle so the stolen

also Henderson v. Morgan, 426 U.S. 637 (1976)(habeas case where the Court looked at the colloquy and the stipulation of fact to determine the voluntariness of the plea); Marshall v. Lonberger, 459 U.S. 422 (1983) (habeas case examining voluntariness of plea).

property could be sold.  When one causes an act to be done, in this case the sale, that person is as guilty as if he carried out that act himself.

It is disturbing that this Court has refused to follow, or ignored, Supreme Court precedent when construing similar statutes or rules, or interpreting constitutional rights. United States v. Cary, 62 M.J. ___ (1)(C.A.A.F. 2006)(Crawford, J., concurring in the result).  But by refusing to apply our own case law, or even offering a rationale for its refusal, the majority undermines stability, predictability, and confidence in the military justice system.  We should not pick and choose when we apply our precedent.  See, e.g., United States v. Martinelli, 62 M.J. 52, 87 (C.A.A.F. 2005) (Crawford, J., dissenting) ("lead opinion departs from our own precedent").

Under the "closely related" offense rationale, Appellant's conviction should be affirmed under Epps and Brown.  Thus, I respectfully dissent.