UNITED STATES, Appellee

v.

Michael D. GLENN, Private
U.S. Army, Appellant

No. 07-0407

Crim. App. No. 20051482

United States Court of Appeals for the Armed Forces

Argued December 4, 2007

Decided February 26, 2008

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.


<u>Counsel</u>

For Appellant:  Captain Patrick B. Grant (argued); Colonel
Christopher J. O'Brien, Lieutenant Colonel Steven C. Henricks,
and Major Fansu Ku (on brief).

For Appellee:  Captain Adam S. Kazin (argued); Colonel John W.
Miller II, Major Tami L. Dillahunt, and Major Elizabeth G.
Marotta (on brief).


Military Judge:  Debra L. Boudreau


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>

Judge BAKER delivered the opinion of the Court.

In accordance with his pleas, Appellant was convicted of unauthorized absence and wrongful use and distribution of MDMA[1] in violation of Articles 86 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C §§ 886, 912a (2000).  Members sentenced Appellant to confinement for two years, forfeiture of all pay and allowances, a bad-conduct discharge and reduction to pay grade E-1.  The convening authority approved twenty-two months of confinement and approved the remainder of the sentence as adjudged.  The findings of guilty and the sentence were affirmed by the United States Army Court of Criminal Appeals.  United States v. Glenn, No. ARMY 20051482 (A. Ct. Crim. App. Mar. 6, 2007).  We granted review of the following issue:

> WHETHER APPELLANT'S PLEAS TO ALL CHARGES AND
> SPECIFICATIONS ARE NOT PROVIDENT BECAUSE THE MILITARY
> JUDGE DID NOT EXPLAIN THE DEFENSE OF LACK OF MENTAL
> RESPONSIBILITY TO APPELLANT, DID NOT SATISFY HERSELF
> THAT COUNSEL HAD EVALUATED THE VIABILITY OF THE
> DEFENSE, AND DID NOT ELICIT FACTS FROM APPELLANT THAT
> NEGATED THE DEFENSE.

We hold that the military judge did not err and affirm.

BACKGROUND

During the plea inquiry, Appellant discussed the circumstances surrounding his conduct that formed the basis of

---

[1] 3, 4-methylenedioxymethamphetamine, a Schedule I controlled substance commonly referred to as "ecstasy."  Dep't of Justice, Drug Enforcement Administration, Office of Diversion Control, http//www.deadiversion.usdoj.gov/drugs_concern/mdma/mdma.htm (last visited Feb. 26, 2008).

the charged offenses.  The pleas were accepted and the case moved to the sentencing phase.  During voir dire, defense counsel informed the members that they would hear evidence that Appellant had been diagnosed with "a mental illness."  He also elicited from the members an affirmative response that such evidence "could be considered a mitigating circumstance in determining an appropriate sentence[.]"  After the Government's case on sentencing, the defense opened its case by calling Appellant to the stand for sworn testimony.  Among other things, Appellant testified that at some point in June prior to his unauthorized absence in July, he had been admitted to Madigan Army Medical Center and was kept for observation for a few days after an evening of fairly extensive drug use and an argument with his wife.  According to Appellant, medical authorities were concerned about the "extremely high amount of [e]cstasy" in his system.  Appellant also stated:  "I've always had the bipolar disorder.  I've always noticed the effects of bipolar disorder.  I've always fought depression.  I've always fought extreme mood swings from extreme positives to extreme negatives."  He went on to describe how he had told the medical authorities at Madigan about his family history of bipolar disorder.  He stated further that upon discharge from Madigan, he was diagnosed with "borderline personality disorder," not bipolar disorder and was

prescribed the drug Zoloft. Appellant acknowledged that he had never been medically diagnosed with bipolar disorder.

The defense also called Ms. Lindsey Schutter, a social worker and forensic counselor in the mental health branch of the Fort Lewis Regional Corrections Facility. Upon Appellant's entry into pretrial confinement, Ms. Schutter had completed an "initial bio-psycho-social assessment" of Appellant that included an interview with him about his family history, education, and his military history. She determined through this initial screening that Appellant had a "mood-disorder, not otherwise specified" and that "he was dealing with some ups and downs in his mood." Although Ms. Schutter could not give a medical diagnosis, she stated that a psychiatrist, Dr. Russell Hicks, had subsequently diagnosed Appellant with cyclothymic disorder,[2] a mood disorder marked by "rapid cycling moods that do interrupt his life." Finally, Appellant's sister, Ms. Jennifer Spacek, testified to a family history of bipolar disorder.

Neither Appellant, Ms. Schutter, nor Ms. Spacek asserted that Appellant did not understand the criminality or wrongfulness of the offenses that were the subject of his pleas.

---

[2] The term used in the record of trial is "psychothymic disorder." However, the parties have agreed for the purpose of argument that the actual reference is to a condition called "cyclothymic disorder." American Psychiatric Ass'n, Diagnostic Statistical Manual of Mental Disorders 398-400 (4th ed. text rev. 2000).

Nor did any of them otherwise allude to any lack of mental responsibility on Appellant's part.  When trial counsel asked Ms. Schutter whether Appellant could act "consciously, with intent," she responded, "That's a question for a sanity board." On follow-up, the military judge interrupted trial counsel, stating:  "This has not been raised by the defense, so it's not an area that I feel comfortable with the government going into."

## DISCUSSION

Appellant asserts that he reasonably raised a defense of lack of mental responsibility when he testified about his mental health issues and presented witnesses on sentencing who spoke to these problems.  As a result, he argues, the military judge had a duty to inquire further regarding the possibility of a mental health defense.  Without such further inquiry his plea is improvident.  In support of his position, Appellant cites to United States v. Harris, 61 M.J. 391 (C.A.A.F. 2005).  In the context of mixed pleas, Harris involved, among other things, newly discovered evidence after trial regarding the appellant's mental illness as well as competing medical views as to its impact on his responsibility.  Id. at 393-94, 397.  In that context, this Court concluded:

> We do not see how an accused can make an informed plea without knowledge that he suffered a severe mental disease or defect at the time of the offense.  Nor is it possible for a military judge to conduct the necessary Care inquiry

5

into an accused's pleas without exploring the impact of any mental health issues on those pleas.

Id. at 398.

In response, the Government argues that Appellant's case is analogous to that presented in United States v. Shaw, 64 M.J. 460 (C.A.A.F. 2007). In Shaw, we concluded that "Appellant's reference to his diagnosis of bipolar disorder, without more, at most raised only the 'mere possibility' of a conflict with the plea." Id. at 464. In reaching this conclusion, we noted first that "there was no factual record developed during or after the trial substantiating Appellant's statement or indicating whether and how bipolar disorder may have influenced his plea." Id. at 462. Second, the appellant's conduct during the plea inquiry did not "raise concerns that might have suggested to the military judge that Appellant lacked the capacity to plead." Id. at 462-63. And, third, the appellant had not asserted, nor had his statement reflected, "that he was unable to appreciate the nature and quality or wrongfulness of his acts as a result of a mental disease or defect." Id. at 463.

We review the military judge's decision to accept a guilty plea for an abuse of discretion. United States v. Gallegos, 41 M.J. 446, 446 (C.A.A.F. 1995). We will not set aside a plea of guilty on appeal unless there is "a 'substantial basis' in law

and fact for questioning the guilty plea." United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).

Having considered the record and the parties' arguments, we conclude that Appellant's case is analogous to that presented in Shaw. In Shaw, we emphasized two important and longstanding principles, namely, that an accused is presumed to be sane and that counsel is presumed to be competent. 64 M.J. at 463. Here, defense counsel chose to put on a fairly substantial case in mitigation that highlighted Appellant's mental health problems. There was no medical testimony supporting Appellant's statement at trial that he was bipolar. He acknowledged that he had not been diagnosed as bipolar. In fact, the medical testimony that was offered through Ms. Schutter appeared to refute this assertion.

Appellant was diagnosed with cyclothymic disorder; however, there was no testimony indicating that this mood disorder, without more, would be a defense to Appellant's offenses. In fact Ms. Schutter described one with this condition as "[s]omeone who's [sic] ups and downs don't necessarily last as long as someone with bipolar disorder would last. But it's in the same family." Furthermore, there was no testimony during sentencing suggesting that this mood disorder affected Appellant's mental responsibility at the time of the offenses.

Appellant does not now claim that he lacked mental responsibility for the offenses to which he pleaded guilty.

Finally, although Ms. Schutter was not a psychiatrist, she was a licensed forensic counselor with a master's degree in social work and had worked exclusively in the mental health field for the previous six years. Her testimony regarding cyclothymic disorder was relatively detailed. Therefore, this is not a case where lay testimony hinted at a problem that medical testimony might have disgorged, or for which there was competing medical testimony as in Harris. Based on the foregoing, Appellant's mitigation evidence that he suffered from mental health problems did not raise a substantial basis in law and fact for questioning his guilty plea. Thus, the military judge did not abuse her discretion in accepting Appellant's guilty pleas without further inquiry.

DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.