# UNITED STATES NAVY-MARINE CORPS
## COURT OF CRIMINAL APPEALS
## WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**DANIEL W. EADS**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201400226**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 22 Feb 2014.
**Military Judge:** Col J.K. Carberry, USMC.
**Convening Authority:** Commanding General, 1st Marine
Aircraft Wing, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** LtCol J.M. Hackel,
USMC.
**For Appellant:** CAPT Bree Ermentrout, JAGC, USN.
**For Appellee:** CAPT Diane Karr, JAGC, USN; LT Ann Dingle,
JAGC, USN.

**25 November 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A general court-martial, consisting of military judge
alone, convicted the appellant, pursuant to his pleas, of one
specification of knowingly possessing child pornography in
violation of Article 134, Uniform Code of Military Justice, 10
U.S.C. § 934. The appellant was sentenced to ten months'
confinement, reduction to pay grade E-1, total forfeitures, and

a dishonorable discharge.  The convening authority approved the sentence as adjudged.

## Background

The appellant admitted that he utilized peer-to-peer software to locate and download three videos of child pornography.  Once viewed, he deleted the three videos.  The appellant pleaded guilty to a single count of knowingly possessing child pornography, in violation of clauses 1, 2, and 3 of Article 134.[1]

## Providence of Plea

Although not raised as error, we note a deficiency in the appellant's plea to the offense.  In the stipulation of fact, the appellant claimed that his conduct was prejudicial to good order and discipline because "possessing these files and being caught by the authorities caused him to be removed from his military duties and resulted in a disruption to his unit's ability to operate and accomplish the mission."  Prosecution Exhibit 1 at 3.  However, during the *Care* inquiry, the military judge asked the appellant why he thought his misconduct was prejudicial to good order and discipline and the following colloquy ensued:

ACC:  Good order and discipline – in the Marine Corps, we have, like I said, a higher standard.  You know, we have a lot of rules to follow that a lot of people don't follow out in the civilian world.  And Marines are just supposed to carry themselves higher, and it brings discredit upon us.

MJ:  Do you believe it resulted in disruption to your unit's ability to operate and accomplish its mission?

ACC:  I do, sir.  It took me away from my job, and it puts a hurt on your peers when you work in the aircraft community.

MJ:  What is your MOS?

ACC:  I'm a 6113, sir, aircraft mechanic for the 53s.

---

[1] The specification alleged, in relevant part: "did . . . knowingly possess a laptop computer containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(5)(A), which conduct was of a nature to bring discredit upon the armed forces and prejudicial to good order and discipline."

MJ:  And as a result of these allegations, were you removed from your military duties?

ACC:  Not at the time sir.[2]

MJ:  Your mechanic duties?

ACC:  No sir, I was still a mechanic...I had to take off to go see my defense counsel and my attorney downtown a lot.  I took off a lot of work seeing, you know, lawyers and ---

MJ:  So you believe it caused a disruption to the functioning of your unit?

ACC:  Yes, sir, it did.

MJ:  Do counsel for either side desire further inquiry?

Record at 25-26.

We review a military judge's decision to accept a guilty plea for an abuse of discretion.  *United States v. Mitchell,* 66 M.J. 176, 178 (C.A.A.F. 2008).  A military judge abuses this discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providence inquiry.  *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).  We will not reject the plea unless there is "a 'substantial basis' in law and fact for questioning the guilty plea."  *United States v. Glenn,* 66 M.J. 64, 66 (C.A.A.F. 2008) (quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)).

Article 134, UCMJ, criminalizes "all disorders and neglects to the prejudice of good order and discipline in the armed forces."  Conduct that is prejudicial to good order and discipline is "conduct that causes a reasonably direct and palpable injury to good order and discipline."  *United States v. Cendejas,* 62 M.J. 334, 340 (C.A.A.F. 2006) (citations omitted).  The acts in question must be "directly prejudicial to good order and discipline," and not "prejudicial only in a remote or indirect sense."  Manual for Courts-Martial, United States  (2012 ed.), Part IV, ¶ 60c(2)(a).

In PE 1, the appellant claims that he was "removed from his military duties" because of the allegations.  However, the *Care* inquiry made it evident that the appellant had not been "removed" but simply utilized parts of the work day to meet with

---

[2] Other than PE 1, there is no evidence in the record that the appellant was ever "removed" from his duties.

his attorneys.  Under those circumstances, the record is insufficient to establish a "direct and palpable" injury to good order and discipline.  We therefore find a substantial basis in law and fact to question the providence of the appellant's plea as it relates to Clause 1 of Article 134, UCMJ, and will dismiss the relevant language as to that offense.

## Sentence Appropriateness

In his sole assignment of error, the appellant asserts that his sentence was inappropriately severe.  While a court-martial is free to impose any lawful sentence that it determines appropriate, *United States v. Turner*, 44 C.M.R. 215, 217 (C.M.A. 1964), we "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."  Art. 66(c), UCMJ.  We assess sentence appropriateness through "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).  While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency.  *See United States v. Lacy*, 50 M.J. 286 (C.A.A.F. 1999).

After review of the entire record of trial, we find that the sentence is appropriate for this offender and his offense.  Furthermore, we conclude that granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

## Conclusion

Regarding the Specification, the language "and prejudicial to good order and discipline" is dismissed.  The findings of guilty on the Charge and specification as modified are affirmed.  Reassessing the sentence on the basis of the affirmed findings, the entire record, and in accordance with the principles articulated in *United States v. Winckelmann,* 73 M.J. 11 (C.A.A.F. 2013), the sentence as approved by the convening authority is affirmed.

For the Court

R.H. TROIDL
Clerk of Court

4