Judge EFFRON
delivered the opinion of the Court.
At a general court-martial composed of a military judge sitting alone, Appellant was convicted, in accordance with his pleas, of conspiracy to commit larceny, willfully suffering the sale of military property (two specifications), and housebreaking, in violation of Articles 81, 108, and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 908, 930 (2000), respectively. The adjudged and approved sentence included a bad-conduct discharge, confinement for six months, *282 forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The United States Army Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Aleman, No. ARMY 20030240 (A.Ct.Crim.App. Jan. 14, 2005).
On Appellant’s petition, we granted review of the following issue:
WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT’S PLEA OF GUILTY TO WILLFULLY SUFFERING THE SALE OF MILITARY PROPERTY (SPECIFICATIONS 1 AND 2 OF CHARGE II) WHERE THERE WAS NO EVIDENCE ADDUCED DURING THE PROVIDENCE INQUIRY THAT APPELLANT HAD ANY INDEPENDENT DUTY TO SAFEGUARD THE MILITARY PROPERTY IN QUESTION.
For the reasons set forth below, we conclude that Appellant’s pleas to specifications 1 and 2 of Charge II were improvident.
I. BACKGROUND
Article 108(3), UCMJ, provides for the trial by court-martial of a person who, without proper authority “willfully or through neglect suffers to be lost, damaged, sold, or wrongfully disposed of’ any military property of the United States. In this context, “suffers” means “to allow or permit.” Manual for Courts-Martial, United States pt. IV, para. 32.c.(2) (2005 ed.) (MCM). The MCM sets forth five elements of the offense:
(1) That certain property ... was ... sold • • • J
(2) That the property was military property of the United States;
(3) That the ... sale ... was suffered by the accused, without proper authority, through a certain omission of duty by the accused;
(4) That the omission was willful or negligent; and
(5) That the property was of a certain value----
Pt. IV, para. 32.b.(3). The reference to “omission” in the third and fourth elements is “significant because the prosecution must prove a duty and the failure to do the duty.” Dep’t of the Army, Pamphlet 27-9, Legal Services, Military Judges’ Benchbook ch. 3, para. 3-32-3 (2002).
During the provideney inquiry at trial, the military judge advised Appellant of the elements of the offenses for which he was charged. In the course of this advice, the military judge defined “suffered” as follows:
“Suffered” means you allowed or permitted this to occur. Suffering included the deliberate violation or intentional disregard of some specific law or regulation; or the duty or customary practice of the service; or reckless or unwarranted personal use of the property by causing or allowing it to remain exposed to the weather, unsecured or not guarded, permitting it to be consumed, wasted, injured, and so on. It could also include by allowing it to be damaged, lost, destroyed, or wrongfully disposed of.
In conjunction with the plea inquiry, the prosecution introduced a stipulation of fact in which Appellant admitted that he and Private First Class (PFC) Edwards “agreed to commit the offense of larceny.” The stipulation further stated that although the agreement was “not express,” Appellant provided assistance to PFC Edwards “in his scheme” to steal and sell military equipment by driving PFC Edwards to various pawnshops, loaning PFC Edwards his car to go to stores, keeping lookout while PFC Edwards stole military equipment, and helping PFC Edwards carry the equipment into Appellant’s car and into one of the stores. Through the stipulation, Appellant admitted that he knew the equipment was military property and that PFC Edwards did not have authority or permission to take it.
During the inquiry, Appellant confirmed the veracity of the stipulation of fact. He added that he and PFC Edwards “didn’t have an expressed [sic] agreement, but we had an understanding and I gave him a ride to post that day.” After Appellant provided further details concerning his role in suffering the sale of the equipment, the military judge reminded Appellant of the definition of *283 “suffered” and asked Appellant if he believed he suffered the sale of the property by allowing it to be sold. Appellant answered in the affirmative. The military judge also elicited testimony from Appellant regarding the value of the property, the intentional nature of his acts, the absence of permission or authority for his acts, and the military status of the property.
II. DISCUSSION
Before accepting a plea of guilty, the military judge must conduct an inquiry of the accused to determine whether there is a factual basis for the plea and whether the accused understands the plea and enters it voluntarily. United States v. McCrimmon, 60 M.J. 145, 152 (C.A.A.F.2004); United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969); Rule for Courts-Martial (R.C.M.) 910(c)-(e). The accused must admit every element of the offense to which the accused is pleading guilty. R.C.M. 910(e) Discussion. Under our standard of review for assessing the providency, “a guilty plea will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea.” E.g., United States v. Harris, 61 M.J. 391, 398 (C.A.A.F.2005) (citations omitted). Appellant contends that his guilty plea to each of the two offenses of suffering the sale of military property was improvident because the inquiry did not establish a factual basis for the third element — that there was a “certain omission of duty by the accused.” MCM, pt. IV, para. 32.b.(3)(c).
During the providence inquiry, the military judge provided the following advice concerning the “duty” element: “The third element is that the sale was suffered by you without proper authority through a mission [sic] of duty on your part.” As the record shows, and the Government acknowledges, there was no further discussion of any duty on the part of Appellant during the providence inquiry. The military judge did not elicit any testimony from Appellant regarding any duty he may have had to safeguard the property, and Appellant did not articulate such a duty. Without an admission by Appellant or any other evidence in the record establishing this element of the offense, the plea lacks the requisite factual basis.
The Government contends in this appeal that Appellant’s statements in the stipulation of fact — that his acts and omissions were wrongful — satisfy the providency requirement with respect to the nature of his duty. Although it is appropriate to rely upon stipulations of fact to establish a factual basis for a guilty plea, see, e.g., United States v. Sweet, 42 M.J. 183, 185 (C.A.A.F.1995), the particular statements in Appellant’s stipulation of fact do not recognize the existence of a duty to safeguard the military property. The relevant passages of the stipulation of fact state:
The accused knew PFC Edwards had no authority when he made the sales. The accused failed to stop PFC Edwards from selling the military equipment, and furnished the vehicle to transport PFC Edwards and the stolen equipment so it could be sold. The accused knew that his omission was wrongfid.
These statements do not reflect an understanding that the failure to stop PFC Edwards was wrongful because of a duty to protect the property — only a general belief that the failure was wrongful. In the absence of any further discussion of a duty, these statements are insufficient to establish the factual predicate required by Care and its progeny.
The Government suggests that if we conclude that the inquiry was deficient, we can nonetheless sustain Appellant’s conviction. Citing United States v. Epps, 25 M.J. 319 (C.M.A.1987), the Government contends that the plea inquiry is sufficient to sustain a conviction for the closely related offense of selling military property, a crime for which there is no “omission of duty” element. See Article 108(1), UCMJ; MCM, pt. IV, para. 32.b.(l). The Government acknowledges that Article 108(1) requires a showing that the accused sold the property but maintains that element is satisfied in this case through an aiding and abetting theory. We decline to apply Epps in this case because the military judge did not advise Appellant as to such a theory, nor did Appellant articulate an un *284 derstanding of such a theory. See United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F.2003). Appellant’s plea to the pertinent offenses is improvident, and those specifications must be set aside.[1]
Appellant contends that he is also entitled to a sentence rehearing. Under the circumstances of this case, further proceedings on the sentence are not warranted. The remaining charges and specifications, which arose out of the same factual scenario, are not affected by our action setting aside the conviction for Charge II. In this judge-alone proceeding, we are confident that Appellant’s conviction for specifications 1 and 2 of Charge II did not have a “substantial influence” on the sentence in this case. United States v. Huhn, 54 M.J. 493, 494 (C.A.A.F. 2001) (citing Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); Article 59(a), UCMJ, 10 U.S.C. 859 (2000).
III. DISPOSITION
Specifications 1 and 2 of Charge II are set aside and dismissed, and Charge II is set aside and dismissed. In all other respects, the decision of the United States Army Court of Criminal Appeals is affirmed.

. The dissent relies on United States v. Brown, 45 M.J. 389 (C.A.A.F.1996), and Bradshaw v. Stumpf, - U.S. -, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). United States v. Aleman, 62 M. J. 281, 284-85 (C.A.A.F.2006) (Crawford, J„ dissenting). Brown, which rejected a constitutional challenge to a federal statute, was a contested case, so the issue of providency did not arise. 45 M.J. at 391-92. Stumpf, a collateral attack on a state court conviction under the narrow constraints of federal habeas corpus review, employed a standard that is not applicable to direct review of providency under military law. Compare Stumpf, 125 S.Ct. at 2405 (constitutional prerequisites of a guilty plea are satisfied if counsel has explained the elements to the defendant), with United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969) (under military law, counsel’s explanation will not relieve the military judge of the responsibility to explain the elements on the record). See also R.C.M. 910(c)(1) Discussion; R.C.M. 910(e) Discussion.