UNITED STATES, Appellee

v.

Michael E. MITCHELL, Corporal
U.S. Marine Corps, Appellant

No. 07-0225

Crim. App. No. 200501185

United States Court of Appeals for the Armed Forces

Argued December 11, 2007

Decided April 16, 2008

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


<u>Counsel</u>


For Appellant:  <u>Major Richard D. Belliss</u>, USMC (argued);
<u>Lieutenant Brian L. Mizer</u>, JAGC, USN.


For Appellee:  <u>Captain Tai D. Le</u>, USMC (argued); <u>Commander Paul
C. LeBlanc</u>, JAGC, USN, and <u>Captain Roger E. Mattioli</u>, USMC.


Military Judge:  D. J. Daugherty


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial, composed of a military judge sitting alone, convicted Appellant, pursuant to his pleas, of two specifications of distribution of a controlled substance and one specification of indecent assault, in violation of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934 (2000). The adjudged sentence included a dishonorable discharge, confinement for seven years, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of thirty-six months. The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Mitchell, No. NMCCA 200501185 (N-M. Ct. Crim. App. Sept. 18, 2006) (unpublished).

On Appellant's petition, we granted review on Issue I and specified review on Issue II:

I.    WHETHER APPELLANT'S GUILTY PLEA TO INDECENT ASSAULT AS A PRINCIPAL WAS IMPROVIDENT WHERE THE PROVIDENCE INQUIRY DOES NOT ESTABLISH THAT APPELLANT POSSESSED THE SPECIFIC INTENT TO GRATIFY HIS LUST OR SEXUAL DESIRES.

II.   WHETHER APPELLANT'S GUILTY PLEA TO DISTRIBUTING MARIJUANA WAS PROVIDENT WHEN APPELLANT TOLD THE MILITARY JUDGE THAT THE SUBSTANCE HE DISTRIBUTED WAS NOT MARIJUANA.

The two issues before us involve the providence of Appellant's guilty pleas. Before accepting a guilty plea, the military judge must conduct an inquiry of the accused to ensure that there is an adequate factual basis for the plea. United States v. Aleman, 62 M.J. 281, 283 (C.A.A.F. 2006); United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). This inquiry must reflect that the accused understands the plea and is entering it voluntarily. Aleman, 62 M.J. at 283. The accused must admit to each element of the offenses to which the accused is pleading guilty. United States v. Simmons, 63 M.J. 89, 92 (C.A.A.F. 2006); Rule for Courts-Martial (R.C.M.) 910(e) Discussion. "If an accused 'sets up matter inconsistent with the plea' at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." United States v. Garcia, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting Article 45(a), UCMJ, 10 U.S.C. § 845(a)).

We review a military judge's decision to accept a guilty plea for an abuse of discretion. United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996). Once a military judge accepts an accused's plea as provident and enters findings based on the plea, we will not reject the plea unless there is a "'substantial basis' in law and fact for questioning the guilty plea." United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991); see United States v. Phillippe, 63 M.J. 307, 309 (C.A.A.F.

2006).  The "'mere possibility'" of a conflict is not sufficient to overturn a military judge's acceptance of a guilty plea. Phillippe, 63 M.J. at 309 (quoting Garcia, 44 M.J. at 498).

For the reasons set forth below, we conclude in Part I that Appellant's guilty plea to the charge of indecent assault was provident.  We conclude in Part II that Appellant's guilty plea to distribution of marijuana was improvident with respect to distribution but provident with respect to the lesser included offense of attempted distribution.

## I.  INDECENT ASSAULT (ISSUE I)

Appellant pled guilty to committing an indecent assault on the victim, NC, by "aiding, counseling, and encouraging" Lance Corporal (LCpl) Beckham to have sexual intercourse with NC, in violation of Article 134, UCMJ.  The granted issue asks whether a person can be convicted as a principal by aiding and abetting absent proof that the person possessed the intent required of the actual perpetrator of the offense.  Here, Appellant contends that the plea inquiry did not demonstrate that he acted with the specific intent to gratify his own lust or sexual desires, and that his plea is therefore improvident.

Article 77(1), UCMJ, 10 U.S.C. § 877(1) (2000), provides that a person is liable as a principal if the person commits a punishable offense or "aids, abets, counsels, commands, or

4

procures" the commission of the offense.  Our case law follows Judge Learned Hand's interpretation of aiding and abetting, under which it is necessary that the accused "'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, [and] that he seek by his action to make it succeed.'"  United States v. Pritchett, 31 M.J. 213, 217 (C.M.A. 1990) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938)).  Under Pritchett, aiding and abetting requires proof of the following:  "(1) the specific intent to facilitate the commission of a crime by another; (2) guilty knowledge on the part of the accused; (3) that an offense was being committed by someone; and (4) that the accused assisted or participated in the commission of the offense."  Id. (citations omitted); see United States v. Gosselin, 62 M.J. 349, 351-52 (C.A.A.F. 2006).  Intent may be inferred from the circumstances of the particular case.  See, e.g., Simmons, 63 M.J. at 92-94.

During the providence inquiry on the indecent assault charge, the military judge advised Appellant of the elements and definitions of aider and abettor liability under Article 77, UCMJ.  The military judge stated that "an aider and abettor must knowingly and willfully participate in the commission of the crime as something he wishes to bring about and must aid, encourage, or excite the person to commit the criminal act."  In

addition, the military judge informed Appellant that he must have "consciously share[d] in the perpetrator's actual criminal intent" but did not have to "agree with or even have knowledge of the means by which LCpl Beckham carried out that criminal intent."

The military judge also advised Appellant of the elements of indecent assault under Article 134, UCMJ. In particular, the military judge stated that Appellant's acts must have been "done with the intent to gratify lust or sexual desires." Appellant indicated that he understood the elements of principal liability and indecent assault, the definitions, and defenses explained by the military judge.

In conjunction with the plea inquiry, the prosecution introduced a stipulation of fact in which Appellant admitted that he indecently assaulted NC by "aiding, counseling, and encouraging" LCpl Beckham to "have sexual intercourse with [NC] with intent to gratify LCpl Beckham's sexual desires." In the stipulation, Appellant admitted that he drove LCpl Beckham and NC, LCpl Beckham's girlfriend, to NC's parents' off-base residence after attending a party. Appellant acknowledged that LCpl Beckham was hesitant to leave NC at her residence because NC was intoxicated. Appellant admitted that he then uttered words of encouragement to LCpl Beckham, intending for LCpl Beckham to have sexual intercourse with NC. Appellant

stipulated that LCpl Beckham was reluctant initially to have sexual intercourse with NC.  Appellant stated that after his encouragement, LCpl Beckham partially undressed NC in the back seat of the vehicle and digitally penetrated her vagina with the intent to gratify LCpl Beckham's sexual desires, while Appellant sat in the driver's seat and watched LCpl Beckham's actions.

During the providence inquiry, Appellant confirmed the admissions made in the stipulation of fact.  Explaining to the military judge how he aided and abetted LCpl Beckham's actions, Appellant stated:  "So my intent -- I thought [LCpl Beckham] was probably going to try to have sexual intercourse with [NC]. Even though he didn't want to do that before, he put her back in the car."  Appellant repeatedly acknowledged that he encouraged LCpl Beckham's actions, but Appellant made no further statements regarding his intent.  In addition, Appellant admitted that LCpl Beckham's actions were indecent, that NC did not provide valid consent to LCpl Beckham's actions, and that Appellant's conduct was prejudicial to good order and discipline in the armed forces.

Appellant contends that the plea colloquy did not address adequately the element of indecent assault which requires proof that "the acts were done with the intent to gratify the lust or sexual desires of the accused."  Manual for Courts-Martial, United States pt. IV, para. 63.b.(2) (2005 ed.) (MCM).

7

According to Appellant, it was not sufficient for the plea inquiry to establish his intent, at the time of the offense, to facilitate an assault with the knowledge that the assault was undertaken to satisfy LCpl Beckham's lust or sexual desires. Appellant urges us to conclude that the plea inquiry was defective because the military judge did not ascertain whether Appellant aided and abetted the indecent assault with intent to gratify Appellant's own lust or sexual desires, independent of LCpl Beckham's intent.

Appellant relies on the following sentence in paragraph 1.b.(4) of Part IV of the Manual:

> When an offense charged requires proof of a specific intent or particular state of mind as an element, the evidence must prove that the accused had that intent or state of mind, whether the accused is charged as a perpetrator or an "other party" to crime.

The interpretation of substantive offenses in Part IV of the Manual is not binding on the judiciary, which has the ultimate responsibility of interpreting substantive offenses under the UCMJ. See United States v. Czeschin, 56 M.J. 346, 348 (C.A.A.F. 2002) (citing United States v. Davis, 47 M.J. 484, 486 (C.A.A.F. 1998)). Although not binding, courts apply the Manual's guidance when the Manual reflects an accurate interpretation of the law.

In the present case, the development of the aiding and abetting language in the Manual does not indicate that the

President sought to alter the longstanding common law treatment of aiding and abetting.  See MCM para. 156 (1951 ed.); Charles L. Decker et al., Dep't of Defense, Legal and Legislative Basis, Manual for Courts-Martial, United States para. 156 (1951); MCM para. 156 (1969 rev. ed.); Dep't of the Army, Pam. 27-2, Analysis of Contents Manual for Courts-Martial, United States 1969 Rev. Ed. ch. 28, para. 156 (July 1970); MCM pt. IV, para. 1.b.(4) (1984 ed.); MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-82 (1984 ed.).  Under these circumstances, to the extent that there is tension between the interpretative guidance in the Manual and our case law, we adhere to our case law and the traditional interpretation of aiding and abetting under Article 77, UCMJ.

Under our case law, the intent element of indecent assault may be satisfied, in the case of an accomplice, by proof that the accomplice shared in the perpetrator's criminal purpose and intended to facilitate the intent of the perpetrator with respect to the commission of the offense.  See Simmons, 63 M.J. at 92-93; Gosselin, 62 M.J. at 351-52; Pritchett, 31 M.J. at 216-18.  Accordingly, when an accused pleads guilty to aiding and abetting an indecent assault, the accused must admit to sharing in the perpetrator's criminal intent to gratify the lust or sexual desires of the perpetrator.  See Simmons, 63 M.J. at 92.  The accused's admissions must objectively support a

military judge's finding that: (1) the accused possessed the specific intent to facilitate the commission of the indecent assault; (2) the accused had a guilty knowledge; (3) the indecent assault was being committed by someone; and (4) the accused assisted or participated in the commission of the indecent assault. See Gosselin, 62 M.J. at 351-52.

In the present case, Appellant's admissions during the providence inquiry, together with the stipulation of fact, establish each of these factors. Appellant admitted that he acted with the specific intent to gratify LCpl Beckham's lust or sexual desires. In addition, Appellant admitted that he intended to facilitate LCpl Beckham's commission of the indecent assault, knew that LCpl Beckham had indecently assaulted NC, and encouraged LCpl Beckham's commission of the indecent assault. The military judge was not required to elicit facts from Appellant demonstrating that he intended to gratify his own lust or sexual desires. Accordingly, the military judge did not err by accepting Appellant's plea as provident.

## II. MARIJUANA DISTRIBUTION (ISSUE II)

Appellant pled guilty to distribution of marijuana. Issue II asks whether Appellant's plea was provident in light of Appellant's statements during the providence inquiry and sentencing regarding the identity of the distributed substance.

A.   BACKGROUND

At trial, Appellant entered a plea of guilty to the charge that he had "wrongfully distribute[d] a total of approximately 20 grams of marijuana, a controlled substance," to LCpl Beckham on divers occasions.  During the plea inquiry, the military judge advised Appellant of the elements of wrongful distribution of marijuana.  In the course of the inquiry, the military judge advised Appellant that he had to actually know that he was distributing marijuana or a contraband substance and that the distribution was wrongful.  See Article 112a, UCMJ; MCM pt. IV, para. 37.b.(3).

In the stipulation of fact introduced by the prosecution at trial, Appellant admitted that he "distributed approximately twenty grams of marijuana, a controlled substance, to LCpl Beckham."  Appellant stated that he sold marijuana to LCpl Beckham on three occasions.  In addition, Appellant acknowledged that at the time of the transactions, he "believed the substance he sold LCpl Beckham to be marijuana."

During the providence inquiry, the military judge asked Appellant to explain why he was guilty of wrongfully distributing marijuana.  Appellant stated:

> At the time, sir -- at the time I thought that the substance I was giving Lance Corporal Beckham was marijuana, sir.  And then the charges were preferred against me saying you gave Lance Corporal Beckham marijuana.

11

> At the time of the investigation, I thought it was, sir. Come to find out towards the end of the month of August, sir, that the stuff that -- the actual stuff that I had given Lance Corporal Beckham wasn't marijuana. At least from the person that told me -- that gave me the actual substance, sir, was not marijuana, sir.

The military judge then inquired whether Appellant distributed what he "believed to be marijuana" to LCpl Beckham. Appellant responded affirmatively. In addition, Appellant agreed that the distributed substance was a "green, leafy substance."

Appellant asserted that when he purchased the substance from another Marine in Okinawa, he was not told that the substance was marijuana. Appellant stated that based on his knowledge of marijuana, the price that he paid for the substance was higher than the cost of marijuana in the United States.

During the inquiry, defense counsel confirmed that the distributed substance had never been recovered or tested. The military judge asked Appellant whether he was "satisfied from what you know and what the marijuana looked like that it was in fact marijuana." Appellant responded: "At the time, sir. Yes, sir." Appellant provided a similar answer when asked by the military judge whether he admitted to the conduct as alleged in the specification.

During the sentencing hearing, while describing whether he had profited from his transactions with LCpl Beckham, Appellant

12

referred to the distributed substance as the "actual, supposedly, marijuana." Additionally, in sentencing arguments, trial counsel stated that the distributed substance was "what [Appellant] believed to be at the time at least, marijuana."

## B. DISCUSSION

When Appellant's statements on the record raised the possibility that the distributed substance was not marijuana, he set up matter inconsistent with his guilty plea. See United States v. Zachary, 63 M.J. 438, 444 (C.A.A.F. 2006); see also Article 45(a), UCMJ; R.C.M. 910(e) Discussion. The military judge's subsequent questions regarding the characteristics and price of the distributed substance failed to resolve whether Appellant believed that, at the time he entered a plea of guilty, his actions constituted the wrongful distribution of marijuana. In the absence of further inquiry by the military judge, there is a substantial basis in law and fact to question Appellant's plea to wrongful distribution of marijuana. See Prater, 32 M.J. at 436.

Under these circumstances, we set aside the finding of guilty to wrongful distribution of marijuana. Appellant's admissions during the providence inquiry, however, together with the stipulation of fact, establish all the elements of the lesser included offense of attempted distribution of marijuana. See MCM pt. IV, paras. 4.b., 37.d.(3). In view of that finding

13

and the other offenses of which Appellant was convicted, we conclude that any error in the findings was not prejudicial as to the sentence.  United States v. Thomas, 65 M.J. 132, 135 (C.A.A.F. 2007); United States v. Shelton, 62 M.J. 1, 5 (C.A.A.F. 2005).


## III.  DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed, except with respect to the finding of distribution of marijuana.  As to that offense, we affirm a finding of the lesser included offense of attempted distribution of marijuana, in violation of Article 80, UCMJ, 10 U.S.C. § 880 (2000).