UNITED STATES, Appellee

v.

Phillip R. BROWN, Sergeant
U.S. Army, Appellant

No. 08-0261

Crim. App. No. 20040087

United States Court of Appeals for the Armed Forces

Argued December 2, 2008

Decided January 14, 2009

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Lieutenant Colonel Jonathan F. Potter (argued);
Lieutenant Colonel Matthew Miller and Major Grace M. Gallagher
(on brief); Mary T. Hall, Esq., Major Teresa L. Raymond, Captain
Nathan J. Bankson, and Captain Shay Stanford.


For Appellee:  Captain Jonathan P. Robell (argued); Colonel
Denise R. Lind, Lieutenant Colonel Mark H. Sydenham, and Major
Christopher Burgess (on brief); Captain Larry W. Downend.



Military Judge:  Edward J. O'Brien


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Brown, No. 08-0261/AR

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of willful disobedience of a superior commissioned officer, false official statement, indecent acts (three specifications), and adultery, in violation of Articles 90, 107, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 907, and 934 (2000), respectively. The military judge also convicted Appellant, contrary to his pleas, of false official statement, rape, larceny, extortion, assault (four specifications), and communicating a threat in violation of Articles 107, 120, 121, 127, 128, and 134, UCMJ, 10 U.S.C. §§ 920, 927, 907, 928, and 934 (2000), respectively. The sentence adjudged by the court-martial and approved by the convening authority included a dishonorable discharge, confinement for sixteen years, a $50,000 fine, and reduction to the grade of E-1. After an initial remand by the United States Army Court of Criminal Appeals to correct matters not at issue in the present appeal, United States v. Brown, No. ARMY 20040087 (Army Ct. Crim. App. Jan. 8, 2007) (unpublished), the Court of Criminal appeals affirmed the findings and sentence. United States v. Brown, No. ARMY 20040087 (Army Ct. Crim. App. Oct. 31, 2007) (unpublished).

Upon Appellant's petition for review, our Court specified the following issue:

>WHETHER THE PHRASE "WITH INTENT UNLAWFULLY TO OBTAIN AN ADVANTAGE, TO WIT:  SEXUAL RELATIONS," IN THE SPECIFICATION OF CHARGE II STATES THE OFFENSE OF EXTORTION IN LIGHT OF THE PROVISION IN THE MANUAL FOR COURTS-MARTIAL THAT PROVIDES THAT "AN INTENT TO MAKE A PERSON DO AN ACT AGAINST THAT PERSON'S WILL IS NOT, BY ITSELF, SUFFICIENT TO CONSTITUTE EXTORTION."  SEE MANUAL FOR COURTS-MARTIAL, UNITED STATES PT. IV, PARA. 53.c.(4) (2005 ED.).

For the reasons set forth below, we affirm the decision of the Army Court of Criminal Appeals.

## I.  BACKGROUND

The specified issue concerns the extortion charge under Article 127, UCMJ, which involved Appellant and Private First Class (PFC) RA.  Appellant and his wife were involved in a consensual sexual relationship with PFC RA while all three were stationed in Korea.  After several months, PFC RA told Appellant that she wanted to end the relationship following an altercation in which Appellant held a knife to his wife's throat and stabbed at PFC RA.

Appellant, who did not want the relationship to end, continued to contact PFC RA in person and on the telephone. Although PFC RA repeatedly told Appellant that she no longer wanted to talk to him, Appellant persisted.  During a number of these conversations, Appellant said that he had a videotape of

PFC RA engaging in sexual activity with him and his wife, adding that that he would show the videotape to PFC RA's colleagues.

On one occasion, Appellant met PFC RA in the hallway outside her barracks, and a heated verbal exchange ensued. Shortly thereafter, Appellant telephoned PFC RA and told her that he would show the videotape of their sexual activities to her chain of command. Appellant returned to PFC RA's barracks, but PFC RA refused to allow Appellant to enter her room. Appellant said: "I'll yell down the hall about us having sex." After PFC RA opened the door slightly, Appellant pushed his way into the room and told PFC RA's friend, who was also in the room, about the videotape. Appellant left the room, called PFC RA again, and indicated to her that he would release the videotape if she did not meet him outside in three minutes. She agreed to meet him, and they argued for approximately an hour and a half. During that time, he repeatedly told her that he would disseminate the videotape to various individuals in her command. Eventually, Appellant told PFC RA that he would give her the videotape if she got in his car. She acquiesced, and he proceeded to sexually assault her in the vehicle.

The next morning, Appellant called PFC RA, telling her that he would release the videotape if she did not stay with him. She refused and hung up the phone. Appellant called back, stating that he would give the videotape to named individuals in

her command.  Later that morning, Appellant called PFC RA to tell her that he would provide her with the videotape, subject to the condition that she have sex with him on the following Monday, and monthly thereafter during the balance of her remaining twelve months in Korea.  PFC RA refused, and Appellant reiterated that he would tell her command about the videotape.  Over the next few days, he repeatedly called PFC RA and said that he would release the videotape.  Eventually, PFC RA reported these events to her chain of command.  The subsequent investigation resulted in a variety of charges against Appellant, including the charge of extortion under Article 127, UCMJ.  The specification of which Appellant was convicted stated that "with intent unlawfully to obtain an advantage, to wit: sexual relations, [Appellant] communicate[d] to [PFC RA] a threat to expose to other members of the military their past sexual relationship and to use his rank, position, and connections to discredit her and ruin her military career."

## II.  DISCUSSION

The specified issue asks whether the facts charged in the specification are sufficient as a matter of law to constitute extortion under Article 127, UCMJ.  This is a question of law, which this Court reviews de novo.  See United States v. Crafter, 64 M.J. 209, 211 (C.A.A.F. 2006).

5

Article 127, UCMJ, prohibits the "communicat[ion of] threats to another person with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity." The Manual for Courts-Martial (MCM) explains that, "[u]nless it is clear from the circumstances, the advantage or immunity sought should be described in the specification." MCM, pt. IV, para. 53.c.(4) (2005 ed.). The Manual further explains that "[a]n intent to make a person do an act against that person's will is not, by itself, sufficient to constitute extortion." Id. The specified issue involves interpretation of the guidance in para. 53.c.(4) of the Manual. As such, the present case does not involve a challenge to the validity of the guidance on substantive offenses under pt. IV of the Manual. See United States v. Mitchell, 66 M.J. 176, 179 (C.A.A.F. 2008).

The specification in the present case is sufficient under the statute, Article 127, UCMJ, in that it describes the "advantage" that Appellant sought to achieve (the participation of PFC RA in sexual relations) and further describes the threat communicated to PFC RA to obtain that advantage (to expose their past sexual relationship in a manner that would harm her military career). As such, the specification is consistent with para. 54.c.(4) of the Manual, which expresses a preference for an express description of the advantage. Moreover, the specification is consistent with the additional guidance in

6

para. 54.c.(4) of the Manual, which states that an intent to have "a person do an act against that person's will," would not be sufficient "by itself" to constitute extortion.  Here, in addition to alleging that Appellant sought to have PFC RA engage in an act against her will, the specification further alleged that Appellant intended to obtain an advantage through her participation with him in sexual relations.  As such, the specification did not rely solely, or "by itself," on an allegation that Appellation sought to have her engage in an act against her will.

The specification alleged, and the evidence demonstrated, that Appellant sought a specific advantage in exchange for not releasing the videotape -- namely, sexual relations with PFC RA. See United States v. Hicks, 24 M.J. 3, 5 (C.M.A. 1987) (holding that "value" and "advantage" are broad concepts that include sexual favors).  As the specification explicitly identified this as the advantage Appellant sought, the specification at issue was sufficient to state an offense of extortion under Article 127, UCMJ.


## III.  CONCLUSION

The decision of the United States Army Court of Criminal Appeals is affirmed.