UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Private E1 ADAM R. BANISTER
 United States Army, Appellee

 ARMY 20080887

 Headquarters, 3d Infantry Division and Fort Stewart
 Tara A. Osborn, Military Judge
 Colonel Jonathan C. Guden, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Captain Shay Stanford, JA; Captain Sarah E. Wolf, JA (on
brief).

For Appellee: Colonel Norman F.J. Allen, III, JA; Lieutenant Colonel
Martha Foss, JA; Major Sara M. Root, JA; Captain Kevin F. Sweeney, JA (on
brief).

 15 June 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of two specifications of possession of
child pornography in violation of Article 134, Uniform Code of Military
Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. The military judge sentenced
appellant to a dishonorable discharge and confinement for sixty-one months.
 Pursuant to a pretrial agreement the convening authority approved only so
much of the sentence as provided for thirty-six months of confinement and
otherwise approved the adjudged sentence.

 On appeal, appellant raises two assignments of error.[1] While we
find the second assignment of error lacks merit, the first assignment of
error is meritorious. We grant relief below.
 Appellant claims, and we agree, the military judge erred in accepting
his plea of guilty to Specification 2 of Charge III without first resolving
an inconsistency raised when appellant stated he believed the subjects in
one of the four charged images he possessed (image 43c20336c77afl46.jpg)
were “between the ages of 16 and 19.” The military judge defined child
pornography as “any visual depiction . . . of sexually explicit conduct
when the production of such visual depiction involves the use of an actual
minor engaged in sexually explicit conduct or such visual depiction has
caught an actual minor engaged in sexually explicit conduct or such visual
depiction has been created, adapted, or modified to appear that an
identifiable actual minor is engaging in sexually explicit conduct.” The
military judge defined “minor” as “any actual person[] under the age of 18
years.” (Emphasis added.)

 Additionally, appellant’s colloquy with the military judge revealed a
similar inconsistency as to Specification 1 of Charge III where appellant
stated he believed the female subject in one of the two charged videos
(image m04-3.mpeg) “appears to be a young lady approximately, probably,
about 17 to 19 years old.” A military judge should not accept an
appellant’s plea of guilty to an offense where the appellant “sets up
matter inconsistent with the plea” without first resolving the
inconsistency. UCMJ, art. 45(a); United States v. Mitchell, 66 M.J. 176,
178 (C.A.A.F. 2008) (quoting United States v. Garcia, 44 M.J. 496, 498
(C.A.A.F. 1996)).

 Accordingly, we will modify Specifications 1 and 2 of Charge III to
conform to the facts to which appellant unambiguously admitted. See
United States v. Sanchez, 54 M.J. 874, 878 (Army Ct. Crim. App. 2001).

 Upon consideration of the entire record, including the matters
personally raised by appellant pursuant to United States v. Grostefon, 12
M.J. 431 (C.M.A. 1982), the court affirms only so much of the finding of
guilty of Specification 1 of Charge III as finds appellant did, “on or
about 21 November 2007, at Fort Stewart, Georgia, knowingly possess one (1)
image of child pornography, which conduct was prejudicial to good order and
discipline in the Armed Forces and was of a nature to bring discredit upon
the Armed Forces.”

 The court affirms only so much of the finding of Specification 2 of
Charge III as finds appellant did, “on or about 25 September 2007, at Fort
Stewart, Georgia, knowingly possess three (3) images of child pornography,
which conduct was prejudicial to good order and discipline in the Armed
Forces and was of a nature to bring discredit upon the Armed Forces.”

 The court affirms the finding of guilty to Charge III.

 Reassessing the sentence on the basis of the errors noted, the entire
record, and in accordance with the principles of United States v. Sales, 22
M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63 M.J. 40 (C.A.A.F.
2006), to include the factors identified by Judge Baker in his concurring
opinion, the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] Appellant’s assignments of error follow:

 (continued . . .)
 I.

 THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT’S PLEA OF GUILTY
 TO SPECIFICATION 2 OF CHARGE III (POSSESSION OF CHILD
 PORNOGRAPHY) WHERE APPELLANT TOLD THE MILITARY JUDGE THAT HE
 BELIEVED THAT INDIVIDUALS IN ONE OF THE IMAGES WERE OVER THE AGE
 OF 18.

 II.

 THE TRIAL COUNSEL COMMITTED PLAIN ERROR DURING HIS SENTENCING
 ARGUMENT WHEN HE INTERJECTED HIS PERSONAL VIEWS OF THE EVIDENCE
 AND ARGUED FACTS NOT IN EVIDENCE.