# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WILLIAM TAPIA**
**United States Army, Appellant**

ARMY 20110863

Headquarters, Fort Drum
Elizabeth G. Kubala, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Major Daniel E. Goldman, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA (on brief).

8 February 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave, violating a lawful general regulation, wrongfully using marijuana, and wrongful introduction of marijuana onto a military installation with the intent to distribute, in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, forfeiture of $900 a month for five months, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with eight days of confinement against the sentence to confinement.

Appellant alleges that the military judge erred by accepting his plea of guilty to wrongful introduction of a controlled substance onto a military installation with the intent to distribute, where the providence inquiry did not establish appellant had

the requisite intent to distribute marijuana at the time he committed the offense. We agree. For the reasons set forth below, we conclude that appellant's guilty plea to the charge of introduction onto a military installation with the intent to distribute was improvident with respect to distribution but provident to the lesser-included offense of wrongful introduction of a controlled substance onto a military installation.

## BACKGROUND

During a health and welfare inspection of the unit barracks, the command discovered two digital scales and marijuana in appellant's wall locker. Appellant did not contest the lawfulness of the search, and subsequently offered to plead guilty, *inter alia*, to wrongful introduction of a controlled substance onto the installation with the intent to distribute and wrongful possession of drug paraphernalia in contravention of a lawful general regulation. During the providence inquiry, appellant admitted that he purchased the marijuana in New York City, hid the substance in his baggage aboard a Greyhound bus, and then traveled to Fort Drum, New York. The package contained twenty-two, individually wrapped plastic bags ("dime bags") of marijuana.

While appellant freely admitted that he introduced the marijuana onto the installation, when the military judge questioned him about his intent with regards to the drugs, he equivocated. First, he stated, "My original intent was pretty much just to smoke the bags, just to smoke the marijuana." When pressed by the military judge if he intended to distribute the marijuana to other soldiers, appellant first answered yes, but then explained, "I might have thought about, you know, hey, why not, but I never go—I never actually had the chance to . . . ." When the judge again attempted to clarify appellant's intent by asking him if he would have sold the marijuana if he had the chance, appellant responded, "probably." The military judge then read the elements one more time, and asked appellant to admit to each element of the charge, and appellant affirmatively responded "yes, ma'am," to every element, without providing any further detail. Likewise, appellant's stipulation of fact summarily states that appellant intended to distribute the marijuana, but does not provide any facts in support of this element.

## LAW AND DISCUSION

A providence inquiry into a guilty plea must establish that the accused believes and admits that he is guilty of the offense and that the factual circumstances admitted by the accused objectively support the guilty plea. *United States v. Garcia,* 44 M.J. 496, 497–98 (C.A.A.F. 1996). We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "Once a military judge accepts an accused's plea as provident and enters findings based on the plea, we will not reject the plea unless there is a

2

'substantial basis in law and fact for questioning the guilty plea.'" *United States v. Mitchell*, 66 M.J. 176, 178 (C.A.A.F. 2008) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). "The 'mere possibility' of a conflict is not sufficient to overturn a military judge's acceptance of a guilty plea." *Id.* (quoting *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006)). In evaluating a providence inquiry, we must also keep in mind Judge Cox's caution that we not

> overlook human nature as we go about the business of justice. One aspect of human beings is that we rationalize our behavior and, although sometimes the rationalization is inconsistent with the plea, more often than not it is an effort by the accused to justify his misbehavior.

*United States v. Goodman,* 70 M.J. 396, 400 (C.A.A.F. 2011) (quoting *United States v. Penister*, 25 M.J. 148, 153 (C.M.A. 1987) (Cox, J., concurring)).

In this case, it appears that appellant attempted to minimize his conduct by claiming he did not intend to distribute the drugs. He was caught with twenty-two individually wrapped packages of marijuana and two digital scales that he admitted were used exclusively to measure illegal drugs. Nevertheless, "[w]hen appellant's statements on the record raised the possibility" that at the time of the offense he intended to keep the marijuana for himself rather than distribute it, "he set up a matter inconsistent with his guilty plea." *Mitchell*, 66 M.J. at 181. *See* UCMJ art. 45(a); Rule for Courts-Martial 910(e) Discussion. The military judge's attempts to have appellant clarify his objective in regards to the marijuana did not resolve whether appellant possessed the requisite intent at the time of the offense, or offer any resolution of his possible intent to distribute the marijuana at a later time.

We therefore set aside the finding of guilty to introduction of a controlled substance onto the installation with the intent to distribute and affirm a conviction to the lesser-included offense of wrongful introduction of a controlled substance onto the installation. Appellant's admissions during the providence inquiry and the stipulation of fact establish all the elements of this lesser-included offense. *See* UCMJ art. 79; *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶¶ 37.b.(4), 37.d.(6). Furthermore, although we are affirming a lesser-included offense for which the maximum punishment is significantly less than the charged greater offense, in view of the other offenses of which appellant was convicted, and most importantly, the statutory limits of a special court-martial sentence, we conclude that the error in findings was not prejudicial to the sentence. *See United States v. Thomas*, 65 M.J. 132, 135 (C.A.A.F. 2007) (citing *United States v. Shelton*, 62 M.J. 1, 5 (C.A.A.F. 2005)).

## CONCLUSION

On consideration of the entire record and the assigned error, the court affirms only so much of the finding of guilty of Specification 2 of Charge III as finds that appellant did, between on or about 5 July 2010 and on or about 28 July 2010, wrongfully introduce twenty-two individually wrapped bags of marijuana onto an installation used by the armed forces, to wit: Fort Drum, New York. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court