# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201500396**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## ALEJANDRO A. FLORESGASTELUM
Corporal (E-4), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander D.S. Mayer, JAGC, USN.
For Appellant: Major Michael D. Berry, USMCR.
For Appellee: Captain Jacob R. Walker, JAGC, USN;
Major Tracey L. Holtshirley, USMC.

———————————

Decided 9 August 2016

———————————

Before PALMER, MARKS, and STINSON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

**OPINION OF THE COURT**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of attempted sexual abuse of a child in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. The convening authority approved the adjudged sentence of one year's confinement, reduction to pay grade E-1, and a dishonorable discharge.

In his sole assignment of error (AOE) the appellant asserts his guilty plea was improvident because he did not take a substantial step toward

commission of the underlying offense of sexual abuse of a child.[1] We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

As set forth in the stipulation of fact (Prosecution Exhibit 1) and in the detailed providence inquiry, the appellant engaged in online, sexually explicit conversations through a messaging application with an individual he believed to be an 11-year-old child. Unbeknownst to the appellant, he was actually texting a Naval Criminal Investigative Service agent.

## II. ANALYSIS

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). To prevent the acceptance of improvident pleas, the military judge is required to develop, on the record, the factual bases for "the acts or the omissions of the accused [that] constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969) (citations omitted); *see also* Art. 45, UCMJ. The appellant must admit every element of the offense to which he pleads guilty. *United States v. Aleman*, 62 M.J. 281, 283 (C.A.A.F. 2006); *see also* RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). If the military judge fails to establish that there is an adequate basis in law or fact to support the appellant's plea during the *Care* inquiry, the plea will be improvident. *Inabinette*, 66 M.J. at 322. Once the military judge has accepted the pleas, an appellate court should not disturb those findings unless there is a substantial conflict between the pleas and later statements by the appellant or other evidence of record. *United States v. Shaw,* 64 M.J. 460, 462 (C.A.A.F. 2007).

Here, we note the military judge properly explained the elements and key definitions of the charged offense. In particular, he explained that the appellant's acts of communicating indecent language with the individual, whom he believed was an 11-year-old girl, must be done with the intent to commit the offense and must amount to more than mere preparation. He further explained the acts must amount to a substantial step and a direct movement toward the commission of the intended offense [and] and that a "'substantial step' is one that is strongly corroborative of your criminal intent and indicative of your resolve to commit the offense."[2] The appellant

---

[1] This issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Record at 18.

thereafter admitted, in court and via a stipulation of fact, that he requested the purported child's phone number in the hopes of initiating a sexual discussion with her and intending to show her his penis. He further admitted that he thereafter, via text message, contacted the purported child and asked her "if she wanted to see my penis."[3] We find that the appellant's acts constituted a "substantial step" towards the underlying offense of sexual abuse of a child, and that "he understood that a substantial step was necessary to make his conduct criminal." *United States v. Schell*, 72 M.J. 339, 346 (C.A.A.F. 2013).

Taken together, we find the military judge established an adequate basis in law and fact to support the appellant's plea. *Inabinette*, 66 M.J. at 322. Further, we find no substantial conflict between the appellant's pleas and other evidence of record. *Shaw,* 64 M.J. at 462. Accordingly, we find the military judge did not abuse his discretion in finding the appellant's pleas provident.

### III. CONCLUSION

The findings and sentence as approved are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

---

[3] Prosecution Exhibit 1 at 3-4.