UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI, and HAM
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 CHRISTOPHER M. CARMER
 United States Army, Appellant

 ARMY 20070173

 Headquarters, U.S. Army Signal Center and Fort Gordon
 Donna Wright and Roger Nell, Military Judges
 Colonel D. Shawn Shumake, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Sean F. Mangan, JA; Major Jonathan F. Potter,
JA, USAR (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Captain Michael D.
Wallace, JA (on brief).

 12 September 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 A military judge sitting as a special court-martial empowered to
issue a bad-conduct discharge convicted appellant, pursuant to his pleas,
of failure to repair on divers occasions, insubordination (five
specifications), wrongful use of marijuana (four specifications), wrongful
distribution of marijuana (two specifications), and communicating a threat,
in violation of Articles 91, 92, 112a, and 134 of the Uniform Code of
Military Justice, 10 U.S.C. §§ 891, 892, 912, and 934 [hereinafter UCMJ].
The military judge sentenced appellant to a bad-conduct discharge,
confinement for ten months, and reduction to Private E1. Pursuant to a
pretrial agreement, the convening authority approved only seven months
confinement and otherwise approved the adjudged sentence. The convening
authority also appropriately granted appellant credit for two days of
confinement against his sentence to confinement.

 This case is before the court for review under Article 66, UCMJ.
Appellant asserts, inter alia, that he improvidently pled guilty to the two
specifications of distribution of marijuana and the one specification of
communicating a threat. We have considered the entire record of trial,
appellant’s assignments of error and the government’s reply thereto and
find appellant’s plea provident with respect to the two specifications of
distribution of marijuana but improvident to the one specification of
communicating a threat. Accordingly, we will take corrective action in our
decretal paragraph.

 “[W]e review a military judge’s decision to accept a guilty plea for
an abuse of discretion and questions of law arising from the guilty plea de
novo.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).
Furthermore, in reviewing a guilty plea, “we apply the substantial basis
test, looking at whether there is something in the record of trial, with
regard to the factual basis or the law, that would raise a substantial
question regarding the appellant’s guilty plea.” Id. See also United
States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996).

 In addition, “[a] military judge may not accept a guilty plea without
first determining that a factual basis exists for the plea.” United States
v. Jordan, 57 M.J. 236, 238 (C.A.A.F. 2002)); see UCMJ art. 45(a). As our
superior court stated:

 [T]o establish an adequate factual predicate for a guilty plea,
 the military judge must elicit “factual circumstances as
 revealed by the accused himself [that] objectively support that
 plea[.]” United States v. Davenport, 9 MJ 364, 367 (CMA 1980).
 It is not enough to elicit legal conclusions. The military
 judge must elicit facts to support the plea of guilty. United
 States v. Outhier, 45 MJ 326, 331 (1996). The record of trial
 must reflect not only that the elements of each offense charged
 have been explained to the accused, but also “make clear the
 basis for a determination by the military trial judge . . .
 whether the acts or the omissions of the accused constitute the
 offense or offenses to which he is pleading guilty.” United
 States v. Care, 18 USCMA 535, 541, 40 CMR 247, 253 (1969).

Jordan, 57 M.J. at 238 (alterations in original); United States v. Simmons,
63 M.J. 89, 92 (C.A.A.F. 2006).

 Looking at the record as a whole, we find the military judge failed to
elicit sufficient facts from appellant pertaining to whether the alleged
unlawful communication of a threat was prejudicial to good order and
discipline or service discrediting. Specifically, while discussing the
specification alleging unlawful communication of a threat in violation of
Article 134, UCMJ, the military judge failed to inquire into whether the
actions of the appellant were prejudicial to good order and discipline or
of a nature to bring discredit upon the armed forces. Further, the portion
of the stipulation of fact relevant to the unlawful communication of a
threat specification merely recites the language of the element with no
further explanation or detail. Without a factual predicate, we fail to see
how the military judge determined “whether the acts . . . of the accused
constitute[d] the offense . . . to which he [pleaded] guilty.” Care, 18
U.S.C.M.A. at 541, 40 C.M.R. at 253; see United States v. Barton, 60 M.J.
62, 67 (C.A.A.F. 2004) (Erdmann, J., dissenting) (“The mere recitation of
the elements of a crime . . . and an accused’s rote response is simply not
sufficient to meet the requirements of Article 45 [and Care].”).
Therefore, we conclude a substantial basis in law and fact exists for
overturning the military judge’s acceptance of appellant’s guilty plea to
communicating a threat (Specification 1, Charge V).
 The finding of guilty to Specification 1 of Charge V is set aside and
that specification is dismissed. This court has sufficient “experience and
familiarity with [the remaining offenses] to reliably determine what
sentence would have been imposed at trial by the military judge . . . .”
United States v. Moffeit, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J.,
concurring). Reassessing the sentence on the remaining findings of guilty
on the basis of the entire record, applying the principles of United States
v. Sales, 22 M.J. 305 (C.M.A. 1986), and Moffeit, 63 M.J. at 42-44, to
include Judge Baker’s concurring opinion, the court affirms the sentence as
approved.
 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court