# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant LARRY W. PLOWS**
**United States Army, Appellant**

ARMY 20120449

Headquarters, Fort Riley
Patricia H. Lewis, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant: Major Richard E. Gorini, JA; Major Candace White-Halverson, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

21 February 2014

-------------------------------
MEMORANDUM OPINION
-------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

ALDYKIEWICZ, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy, false official statement, and burning with intent to defraud, in violation of Articles 81, 107, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 907, 934 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to E-1. The convening authority approved the adjudged sentence, except that he only approved ninety days confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant's sole assignment of error alleges that his pleas of guilty to conspiracy (the Specification of Charge I) and burning with intent to defraud (the Specification of Charge III) are improvident, challenging the sufficiency of the providence

inquiry.  In particular, appellant alleges that the military judge advised him of the wrong elements regarding the underlying offense of the conspiracy charge and failed to discuss the aider and abettor theory of liability for the burning with intent to defraud charge.  We agree and grant relief in our decretal paragraph.  Appellant's personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not merit discussion or relief.

## BACKGROUND

### A.  Appellant's Charged Conduct

The facts underlying appellant's charged misconduct are relatively straightforward.  Appellant owned a 2007 GMC Yukon valued at approximately $39,643.  Appellant's loan payments on the vehicle were approximately $1,000 per month, and appellant reached a point where he could no longer make the payments.

On 28 July 2011, while "standing around the motor pool talking about the problems [he] was having with car payments," appellant told several other soldiers about someone he knew from a prior assignment that "destroyed a car and [had] gotten insurance payments to pay [the car] off."  Two junior soldiers, Private Faircloth and Private Vazquez, overheard appellant and offered to destroy the car so that appellant could collect the insurance payments.  Appellant agreed, leaving his keys in the car while it was parked in his driveway.  The following day, 29 July 2011, between 0100 and 0330 hours, the time agreed upon by appellant and the two soldiers, Privates Faircloth and Vazquez took appellant's vehicle from his driveway, drove to Geary County Lake, and set the car on fire.  Although appellant knew that Privates Faircloth and Vazquez were going to destroy the vehicle, the manner by which they would accomplish the destruction was unknown to him.

Later that morning, appellant called the Fort Riley Military Police and reported his vehicle stolen, a claim he then memorialized in a written statement.  That same day, appellant filed a false claim with his insurer, United Services Automobile Association (USAA).  Due to the many inconsistencies in appellant's initial statement, the police questioned the veracity of appellant's story.[1]  When questioned a second time by police, appellant confessed to his scheme to have his

---

[1] Appellant's initial statement to law enforcement formed the basis for his false official statement conviction under Article 107, UCMJ.

vehicle destroyed by fellow soldiers so that he could then file a false insurance claim.

## B. Appellant's Guilty Pleas and Providence Inquiry

### 1. *Appellant's Providence Inquiry for Conspiracy*

On 19 October 2011, appellant was charged with three violations of the UCMJ: conspiracy under Article 81, UCMJ; false official statement under Article 107, UCMJ; and burning with intent to defraud under Article 134, UCMJ.  The underlying offense for the conspiracy charge was burning with intent to defraud, a violation of Article 134, UCMJ.

On 15 March 2012, appellant submitted an offer to plead guilty wherein he agreed to plead guilty to all three charges with one modification.  For the conspiracy, appellant modified the underlying offense from burning with intent to defraud as originally charged, a violation of Article 134, UCMJ, to willfully or wrongfully destroying or damaging nonmilitary property, a violation of Article 109, UCMJ.  This modification, as the record reflects, was necessitated because of appellant's inability to be provident to the original charge as written because, although he knew Privates Faircloth and Vazquez would destroy his car, he did not know they would do so by burning it.

On 22 March 2012, the charge sheet was modified to conform to appellant's offer to plead guilty.  In other words, the conspiracy as alleged on the charge sheet, at time of arraignment, reflected a conspiracy to willfully or wrongfully destroy or damage nonmilitary property.

On 8 May 2012, appellant was arraigned on the charges as amended and plead guilty in accordance with his 15 March 2012 offer.  Despite appellant's guilty plea to the conspiracy specification as amended, the military judge, when reading appellant the elements of conspiracy, stated that the underlying offense of the conspiracy was "burning with intent to deceive [sic]."  Both the trial counsel and defense counsel stopped the military judge, and the following colloquy occurred.

TC:  Your Honor, just one thing, I believe in the Offer To Plead Guilty they pled to an amended specification of conspiracy to commit the burning of nonmilitary property of another, an Article 109 offense.

MJ:  I didn't get that memo.

TC:  Okay.

DC: Your Honor, we agreed to plead guilty to a charge 81 [sic], which was amended, and the charge [sic] has been amended.

TC: Okay. I thought you started reading, ma'am, conspiracy to commit burning with the intent to defraud. So, I just wanted to make sure that the record is clear.

DC: I believe that as the charge is written that is what he is pleading guilty to.

MJ: What do you think he's pleading guilty to, Trial Counsel?

TC: Your Honor, in the offer to plead guilty----

MJ: Okay.

DC: If I may, Your Honor, for clarification?

MJ: Yes.

DC: The sticking point was, and we will get to it in providency [sic], was that when the additional agreement was made, burning was not initially discussed. So, when we agreed to plead guilty in the actual offer to plea we have amended language. It is our understanding that the government then amended the first charge, to include the language that was already in the OTP.

MJ: Which deals with the burning.

DC: Which deals with the burning saying so it accommodates the issue that the agreement was not burning but the agreement was to destroy the vehicle.

MJ: It just so happened that it was done by burning and that was the charge in the 134. So, here's my concern, because the underlying charge of the conspiracy is the burning with—intent to defraud by burning. So, I have to discuss that part with him because that's the offer.

TC: Yes, ma'am. I'm sorry, I thought----

DC: Yes, Your Honor.

TC: I just wanted to make sure.

MJ: So, there is no 109 [sic]?

TC: No, Your Honor. I'm okay with your proceeding.

DC: Yes, Your Honor. And our understanding is with the 134 charge, you know, providency [sic] is yes it was part of the conspiracy, but he didn't know it was specifically going to be burning. It was part of the conspiracy and he's responsible for it.

TC: Okay, Your Honor.

DC: Yes, Your Honor.

A few moments later, the military judge again advised appellant on the elements of conspiracy, specifically telling appellant that the underlying offense was burning with intent to defraud. When discussing the factual predicate of the offense, appellant said, "I agree that even though we didn't specify [sic] to agree to burn the car, it was foreseeable that they could do anything to destroy it." Appellant later noted that he and Privates Faircloth and Vazquez did not agree on how the car would be destroyed.

### 2. *Appellant's Providence Inquiry for Burning with Intent to Defraud*

The military judge did not discuss with appellant the nature of aider and abettor liability during appellant's providence inquiry into his guilty plea to burning with intent to defraud. Instead, she focused her inquiry as to whether appellant gave "permission" for Privates Faircloth and Vazquez to burn the vehicle.

MJ: So, on or about the 29th, even though you physically did not burn the vehicle, you gave permission. Do you understand and agree that you gave permission for the vehicle to be destroyed and so if the vehicle were burned because the elements of the case or that you actually burned.

Are you admitting that even though you weren't physically present there to burn the vehicle that you gave permission for this vehicle to be destroyed by burning?

ACC: Yes, ma'am.

MJ:  How so?

ACC:  We talked about it being destroyed in whatever way, I guess, that they could destroy it.

MJ:  So, even though you did not know that the vehicle was going to be burned, it was okay with you if the vehicle was burned?

ACC:  Yes, ma'am.

A few moments later, the military judge again asked if appellant gave Privates Faircloth and Vazquez "permission to destroy the vehicle?"  Appellant answered, "Yes, ma'am."

## LAW AND DISCUSSION

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)).  In reviewing the providence of a plea, courts apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding appellant's guilty plea.  *Id.*  Rule for Courts-Martial [hereinafter R.C.M.] 910(c)(1) requires that "before accepting a plea of guilty, the military judge shall address the accused personally and inform the accused of, and determine that the accused understands . . . the nature of the offense to which the plea is offered."  An accused has a right to know to what offense and under what legal theory he or she is pleading guilty.  *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008).

### A.  Appellent's Conspiracy Conviction

We conclude that the military judge abused her discretion by accepting appellant's guilty plea to conspiracy.  The military judge informed appellant of the wrong underlying offense of the conspiracy.  An essential element of conspiracy is "an agreement between one or more persons to commit an offense under the code." *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 5.b.(1).  Here, the military judge treated the underlying offense of the conspiracy as burning with intent to defraud, an Article 134, UCMJ, offense, even though the parties amended the conspiracy specification to make the underlying offense willfully or wrongfully destroying or damaging nonmilitary property under Article 109, UCMJ.  Put another way, the military judge conducted a providence inquiry

based on an underlying offense and theory of liability to which the parties had previously agreed the appellant could not providently plead guilty.

Because the military judge used the wrong underlying offense for the conspiracy, we must look to the context of the entire record to determine whether appellant entered a provident plea of guilty to the amended specification. *Cf. United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2001). We note that conspiracy is a more complex, inchoate offense than some simple military offenses.[2] The entire record reflects an accused who did not know how Privates Faircloth and Vazquez would destroy the vehicle and who needed to amend the conspiracy's underlying offense in order to plead guilty. Despite this, the military judge treated the conspiracy as an agreement to burn the vehicle with intent to defraud, creating confusion and conflict between the conduct to which appellant admitted and his belief regarding its criminality, and that offense of which the military judge advised appellant and ultimately found him guilty.[3] We conclude that this confusion and conflict creates a substantial basis in law and fact to question the providence of appellant's plea. We are not confident that appellant understood which underlying offense was the object of the conspiracy.[4]

---

[2] Our superior court used similar language in *Redlinski* to describe the offense of attempt under Article 80, UCMJ. This description is equally appropriate for conspiracy under Article 81, UCMJ. *See United States v. Norwood*, 71 M.J. 204, 206-207 (C.A.A.F. 2012) (favorably comparing cases regarding the pleading of attempt and conspiracy offenses).

[3] The ambiguous exchange between the military judge and counsel during the providence inquiry reflects the confusion at issue. The parties never expressly stated that they had amended the charge sheet to alter the conspiracy's underlying offense, nor did the military judge correctly clarify this ambiguous exchange. It is unclear whether the military judge was even aware that the conspiracy specification had been amended, despite having the amended charge sheet before her.

[4] By advising appellant on the offense of conspiracy with the underlying offense being burning with intent to defraud, appellant and the military judge discussed a different offense than that charged, and one that had twice the maximum period of confinement than that of the correct underlying offense of destroying or damaging nonmilitary property. Both the nature of the offense and the increased period of confinement would be major changes under R.C.M. 603, changes that were never discussed with appellant. Finally, although not determinative of our ruling and an issue we need not decide today, we note that any plea regarding the correct

(. . . continued)

### B.  Appellant's Conviction for Burning with Intent to Defraud

Here, appellant was charged with burning with intent under an apparent aider and abettor theory of liability.  Article 77(1), UCMJ, permits principal liability for anyone who "aids, abets, counsels, commands, or procures" the commission of an offense under the UCMJ.[5]  The problem in this case is that the military judge did not explain to appellant the nature of aider and abettor liability.  She repeatedly used the term "permission" in the context of appellant giving Privates Faircloth and Vazquez permission to destroy the vehicle.  While "permission" is similar to the statutory terms of art in Article 77, UCMJ, the military judge never explained to appellant principal liability and whether he understood he was liable as a principal because he aided, abetted, counseled, commanded, or procured Privates Faircloth and Vazquez in the burning of the vehicle.  Of note, at no time did the military judge ever use the terms aid, abet, counsel, command, or procure.  Similarly, none of these terms appear anywhere in the stipulation of fact.  All that was significant to the military judge was that appellant gave Privates Faircloth and Vazquez "permission" to destroy the vehicle.   In its written pleadings before this court, the government repeatedly argued that appellant was "inferentially aware of the elements of aiding and abetting."  We disagree.

We next consider whether appellant's plea is provident under a theory of co-conspirator vicarious liability.  "Each conspirator is liable for all offenses committed pursuant to the conspiracy by any of the co-conspirators while the conspiracy continues and the person remains a party to it."  *MCM*, pt. IV, ¶ 5.c.(5).  *See also Pinkerton v. United States*, 328 U.S. 640 (1946); *United States v. Jefferson*, 22 M.J. 315, 324 (C.M.A. 1986) ("Although Article 77 does not specifically deal with the vicarious liability of a coconspirator, we believe that the language of Article 77(1) is broad enough to encompass it.").  Unfortunately, appellant's

---

(continued…)
underlying offense, that is, destroying or damaging nonmilitary property, would necessarily have to resolve the question of whether an owner of a vehicle with a lien on the vehicle commits a violation of Article 109, UCMJ, when he or she destroys the vehicle, a vehicle that they ostensibly own.  In other words, what impact, if any does the lien play on the viability of an Article 109, UCMJ, pleading?  See *MCM*, pt. IV, ¶ 33.b.(1)(b) ("[t]hat the property was that of another person").

[5] Article 77(2), UCMJ, also establishes principal liability for one who "causes an act to be done which if directly performed by him would be punishable under this chapter."

providence inquiry is equally silent regarding principal liability under a theory of co-conspirator vicarious liability as it is regarding principal liability as an aider and abettor. Not only is any discussion regarding the theory of liability for the Article 134, UCMJ, burning with intent to defraud charge missing, the military judge, as previously noted, discussed the wrong conspiracy with appellant notwithstanding failed attempts by both the trial and defense counsel to focus the military judge on the proper conspiracy as charged on the charge sheet and echoed in the offer to plead guilty.

Finally, we note that the stipulation of fact in this case, while robust in facts, provides no information from which we can glean any understanding by appellant regarding the basis or theory of his criminal liability. In other words, the stipulation of fact is silent regarding appellant's principal liability as an aider and abettor or as a conspirator vicariously liable for the criminal acts of his co-conspirators.

The providence inquiry shows that appellant gave others permission to destroy his vehicle. However, the providence inquiry does not reflect that appellant understood that this permission makes him liable as a principal under an aider and abettor theory of liability or, alternatively, as a conspirator vicariously liable for the crimes of his co-conspirators. Therefore, the record does not reflect appellant's "understanding of how the law relates to [the] facts."[6] *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 C.M.A. 535, 538-539, 40 C.M.R. 247, 250-251 (C.M.A. 1969)). The military judge abused her discretion by accepting appellant's plea of guilty for burning with intent to defraud.

---

[6] In addition to failing to discuss principal liability and aider and abettor liability with appellant, the record is silent regarding whether appellant shared the requisite intent necessary for the offense of burning with intent to defraud. Appellant's intent to defraud USAA is unrebutted, as was his intent that the vehicle be destroyed. The conflict arises when appellant states unequivocally that he didn't know how the two soldiers were going to destroy the vehicle. "Article 77, UCMJ is conjunctive; it requires a finding of encouragement, for example, a result plus an intent." *United States v. Simmons*, 63 M.J. 89, 93 (C.A.A.F. 2006). We leave for another day whether appellant's granting of access to his vehicle knowing that two others would "destroy" it so that he could file a false insurance claim is sufficient to establish the requisite intent necessary to be guilty of the offense of burning with intent to defraud in violation of Article 134, UCMJ, under either an aider and abettor theory of liability or under a theory of vicarious liability relating back to conspiracy to willfully or wrongfully damage or destroy non-military property.

**CONCLUSION**

The findings of guilty of Charge I and its Specification and Charge III and its Specification are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on Charge I and its Specification and Charge III and its Specification and the sentence. If the convening authority determines that a rehearing on those charges is impracticable, he may dismiss the charges and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence likewise is impracticable, he may reassess the sentence. *See R.C.M.* 1107(e)(1)(B)(iv); *United States v. Reed*, 33 M.J. 98 (C.M.A. 1990).

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

10