*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOUTZ, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Ryan P. BROWN**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202200010**

_____

Decided: 26 May 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Benjamin A. Robles

Sentence adjudged 7 October 2021 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 165 days, and a bad conduct discharge.

For Appellant:
*Lieutenant Daniel E. Grunert, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of conspiracy, aggravated assault, and unlawful entry, in violation of Articles 81, 128, and 129, Uniform Code of Military Justice [UCMJ].[1]

## I. BACKGROUND

Appellant was initially charged at a general court-martial with a number of offenses that arose out of an incident where he and other Marines went into the barracks room of a Marine and assaulted him. These charges included a charge of aggravated assault by inflicting grievous bodily harm on the victim as well as charges of conspiracy and unlawful entry. Appellant entered into a plea agreement accompanied by a stipulation of fact wherein he agreed to plead guilty at a special court-martial to assault consummated by a battery, conspiracy, and unlawful entry. The charge sheet was never modified, and at trial Appellant pleaded guilty to the charged offense (aggravated assault) rather than the lesser-included offense of assault consummated by a battery. The military judge conducted a providence inquiry into only the lesser offense of assault consummated by a battery. However, the Entry of Judgment reflects that Appellant was found guilty of the charged offense of aggravated assault.

## II. DISCUSSION

### A. Providence Inquiry for Aggravated Assault

A military judge may not accept a guilty plea unless he determines there is a sufficient factual basis for every element of the offenses to which the accused has pleaded guilty.[2] In the Specification of the original Charge, Appellant was

---

[1] 10 U.S.C. §§ 881, 928–29.

[2] *See United States v. Simmons*, 63 M.J. 89, 92 (C.A.A.F. 2006); R.C.M. 910(e), Discussion.

charged with and pleaded guilty to aggravated assault. However, the providence inquiry only addressed the lesser-included offense of assault consummated by a battery. It is clear by virtue of the plea agreement and the stipulation of fact that the parties intended that Appellant plead guilty only to the lesser offense of assault consummated by a battery, but all parties involved in the court-martial missed the fact that the greater offense of aggravated assault remained the offense on the charge sheet to which Appellant pleaded guilty. Because Appellant's statements during the providence inquiry do not support a conviction for aggravated assault, we find Appellant's plea provident only to the lesser-included offense of assault consummated by a battery. We therefore set aside and dismiss the finding of guilty for aggravated assault, affirm a finding of guilty for the lesser-included offense of assault consummated by a battery, and correct the Entry of Judgment to reflect the same.

## B. Sentence Reassessment

Having dismissed Appellant's conviction for the greater offense charged in the original Charge and affirmed only its lesser-included offense, we must determine whether we can reassess the sentence or must remand for the trial court to do so. We do so by analyzing (1) whether there have been dramatic changes in the penalty landscape or exposure; (2) whether sentencing was by members or a military judge alone; (3) whether the nature of the remaining offenses captures the gravamen of the criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses; and (4) whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.[3]

Here, Appellant stands convicted of assault consummated by a battery, conspiracy to commit assault consummated by a battery, and unlawful entry. His overall exposure to confinement remains the same—the jurisdictional maximum at a special court-martial. While it is unclear if the military judge sentenced Appellant based on the greater or lesser offense, Appellant and the convening authority specifically agreed to the adjudged sentence of confinement for 165 days, reduction to E-1, and a bad conduct discharge. That agreement was based upon Appellant's plea of guilty to the lesser offense of assault consummated by a battery rather than aggravated assault. This Court has sufficient experience and familiarity with these offenses to reliably determine what sentence would have been imposed at trial, especially where the military

---

[3] *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

judge was required to adjudge the particular sentence in accordance with the plea agreement. Accordingly, we conclude we are able to reassess the sentence and find that the sentence the military judge would have imposed for the remaining offenses is the same as the one he originally adjudged.

### III. Conclusion

The language, "and did thereby inflict grievous bodily harm upon the said Cpl R.M.W., to wit: fractured facial bones surrounding the eyes," of the Specification of the Charge is **SET ASIDE AND DISMISSED WITH PREJUDICE**. We affirm Appellant's conviction of the specification's remaining language, comprising the lesser-included offense of assault consummated by a battery. As the Entry of Judgment does not accurately reflect the disposition of the charges, in accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

After careful consideration of the record, submitted without assignment of error, the remaining findings and the sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

4

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202200010 |
| **v.** | **ENTRY OF JUDGMENT** |
| **Ryan P. BROWN**<br>**Corporal (E-4)**<br>**U.S. Marine Corps**<br>*Accused* | *As Modified on Appeal*<br><br>**26 May 2022** |

On 7 October 2021, the Accused was tried at Marine Corps Base Camp Lejeune, North Carolina, by a special court-martial, consisting of a military judge sitting alone. Military Judge Benjamin A. Robles presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification:** Aggravated assault on or about 22 November 2020.

> *Plea:* Guilty.
> *Finding:* Guilty of the Lesser-Included Offense of Assault Consummated by Battery. The words "and did thereby inflict grievous bodily harm upon the said Cpl R.M.W., to wit: fractured facial bones surrounding his eyes," were Dismissed.

**Additional Charge I:** Violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881.

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification:** **Conspiracy to commit assault consummated by a battery on or about 22 November 2020.**

*Plea:* Guilty.
*Finding:* Guilty.

**Additional Charge II:** **Violation of Article 115, Uniform Code of Military Justice, 10 U.S.C. § 915.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification:** **Communicating a threat between on or about 22 November 2020 and on or about 11 March 2021.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Additional Charge III:** **Violation of Article 129, Uniform Code of Military Justice, 10 U.S.C. § 929.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification:** **Burglary on or about 22 November 2020.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Additional Charge IV:** **Violation of Article 129, Uniform Code of Military Justice, 10 U.S.C. § 929.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:** **Unlawful entry on or about 22 November 2020.**

*Plea:* Guilty.
*Finding:* Guilty.

**Additional Charge V:** **Violation of Article 131b, Uniform Code of Military Justice, 10 U.S.C. § 931b.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification :**   **Obstructing justice between on or about 22 November 2020 and on or about 11 March 2021.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

## SENTENCE

On 7 October 2021, the military judge sentenced the Accused to the following

**Reduction to E-1.**

**Confinement for 165 days.**

**A bad-conduct discharge.**

The Accused shall be credited with 213 days of confinement already served, to be deducted from the adjudged sentence to confinement.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court