*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Eddie A. TYSON**
Aviation Ordnanceman First Class Petty Officer (E-6),
U.S. Navy
*Appellant*

**No. 202300083**

_____

Decided: 2 August 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Justin C. Henderson (arraignment)
Michelle A. Pettit (trial)

Sentence adjudged 9 December 2022 by special court-martial tried at Region Legal Service Office Northwest, Bremerton, Washington and Region Legal Service Office Southwest, San Diego, California, consisting of military judge alone. Sentence in the Entry of Judgment: confinement for 76 days and a reprimand.[1]

---

[1] Appellant was credited with 44 days pretrial confinement credit, and the convening authority suspended one day of post-trial confinement in accordance with the plea agreement.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Lieutenant Lan T. Nguyen, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one specification of disorderly conduct in violation of Article 134, Uniform Code of Military Justice (UCMJ).[2] The military judge imposed a sentence, in accordance with a plea agreement entered between the convening authority and Appellant, of confinement for 76 days and a reprimand. Appellant was issued a notice of appellate rights under Article 65, UCMJ, and timely filed a notice of appeal.[3] Accordingly, this case is before us on direct appeal pursuant to Article 66(b)(1), UCMJ.[4] Appellant asserts two assignments of error pursuant to *United States v. Grostefon*[5] which we summarize as follows: (1) whether the convening authority was motivated by retaliation in preferring and referring the charges against him to court-martial; and (2) whether Appellant's plea was voluntary. Upon consideration of the matters raised by Appellant personally and review of the record as a whole, we find no prejudicial error and affirm.

## I. BACKGROUND

Appellant had served in the Navy for approximately 19 years when his personal and professional life began to unravel. On 25 October 2022, Appellant

---

[2] 10 U.S.C. 934.

[3] 10 U.S.C. 865.

[4] 10 U.S.C. 866(b)(1).

[5] 12 M.J. 431 (C.M.A. 1982).

was approached by base police who sought to escort him to the security department building onboard Naval Air Station Whidbey Island, Washington to receive service of process from the local sheriff's office. Appellant immediately became combative with security personnel, shouting obscenities at them, which led security personnel to restrain Appellant and escort him in the back of a police cruiser to the security building. After he arrived at the security building, Appellant called his supervisor, Chief Bravo,[6] and shouted to him "Tell this incompetent f****t to send someone to get me out of here as I am being held against my will."[7] Appellant's obscene epithet referred to Commander Delta, the Chief Staff Officer of Electronic Attack Wing, U.S. Pacific Fleet. On 26 October 2022, Appellant was placed into pretrial confinement after further alleged misconduct.

Although Appellant was stationed in Washington State, he was held in pretrial confinement at Naval Consolidated Brig, Miramar, California. He was detailed two defense counsel—LT Hotel as lead counsel who was stationed in Bremerton, Washington, and LT November who was stationed in San Diego, California.

The convening authority ultimately referred six charges and 10 specifications to special court-martial for alleged misconduct from July 2022 to October 2022. On 6 December 2022, Appellant entered into a plea agreement with the convening authority and agreed to plead guilty unconditionally to a sole specification of disorderly conduct and waive all waivable motions.

On 9 December 2022, Appellant appeared in front of the military judge and pleaded guilty in accordance with the plea agreement. During his plea colloquy he told the military judge: (1) that he had enough time to consult with his defense counsel; (2) that he was satisfied with their advice; (3) that he entered into the plea agreement of his own free will; and (4) that in spite of his placement in pretrial confinement, he had consulted fully with his defense counsel and received the benefit of their advice. The military judge found Appellant's guilty pleas to be voluntary and accordingly found him guilty.

On appeal, Appellant filed a motion to attach a declaration claiming, among other things, that his command had taken his spouse's side in domestic disputes prior to his misconduct, and that when he entered into the plea agreement he was mentally unwell and felt that he had no choice in the matter. We

---

[6] All names within this opinion other than that of Appellant, counsel, and the military judges, are pseudonyms.

[7] R. at 38.

denied Appellant's motion to attach because it contained material not fairly raised by the record and therefore improper to attach pursuant to *United States v. Jessie.*[8]

## II. DISCUSSION

### A. Appellant waived his claim of selective prosecution.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'"[9] A plea agreement where an appellant agrees to waive all waivable motions satisfies this requirement.[10] Claims of selective prosecution can be waived by an appellant, and "[o]rdinarily, a failure to make such a motion at trial constitutes waiver."[11]

Here, Appellant signed a plea agreement with the convening authority wherein he agreed to "waive all motions except those that are non-waivable pursuant to [Rule for Courts-Martial] 705(c)(1)(B) or otherwise."[12] When questioned by the military judge, Appellant affirmed that he had read the provision, that he had discussed the provision with his defense counsel, and that he voluntarily agreed to the term in the plea agreement to receive the benefit of his bargain.[13]

In his brief, Appellant makes no claim that he bases his allegations of selective prosecution and retaliation on facts not known at the time of his pleas. As such, we find his unconditional guilty pleas waived this assignment of error.[14]

### B. The military judge did not abuse her discretion when she accepted Appellant's voluntary guilty plea.

Appellant claims that his plea was involuntary and that the military judge abused her discretion in accepting it because of his personal circumstances and the fact that he was alone in pretrial confinement without access to his lead

---

[8] 79 M.J. 437 (C.A.A.F. 2020).

[9] *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citations omitted).

[10] *Id.* at 314.

[11] *United States v. Henry*, 42 M.J. 231, 235 (C.A.A.F. 1995) (citations omitted).

[12] Appellate Ex. VI at 8.

[13] R. at 68-71.

[14] *Henry*, 42 M.J. at 238.

trial defense counsel. "A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion."[15] Appellate courts will not overturn an Appellant's guilty plea absent a substantial basis to question the providence of the plea.

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.[16]

At trial, Appellant repeatedly assured the military judge, under oath, that he was pleading guilty voluntarily, that no one coerced him to plead guilty, and—specifically with respect to his claim that he was physically separated from his lead defense counsel—that he was fully satisfied with his counsel and had been able to fully and freely discuss his case with both LT Hotel and LT November. In light of the military judge's careful and deliberate questioning and Appellant's clear answers, there is nothing in the record to support his current claim of duress.[17]

---

[15] *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996); *see also United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007); *United States v. Tippit*, 65 M.J. 69, 81 (C.A.A.F. 2007); *United States v. Thomas*, 65 M.J. 132, 134 (C.A.A.F. 2007); *United States v. Simmons*, 63 M.J. 89, 92 (C.A.A.F. 2006); *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006); *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[16] *Brady v. United States*, 397 U.S. 742, 755 (1970) (internal quotation marks and citation omitted).

[17] We note that while we declined to attach Appellant's declaration to the record, even if we were to consider such matters, Appellant's conclusory statements -- that he was under duress at the time of his pleas -- would not be sufficient to cause us to question the providence of his plea.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[18] The findings and sentence are **AFFIRMED.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[18] Articles 59 & 66, UCMJ.